THEODORE MAYER V. J. A. VER BRYCK.

FILED OCTOBER.15, 1895.    NO. 5366.

1. **Quantum Meruit:** SPECIAL CONTRACT: PLEADING.  On a petition alleging merely a special contract and performance by the plaintiff, the plaintiff cannot recover on a *quantum meruit* for part performance.  *Powder River Live Stock Co. v. Lamb*, 38 Neb., 339, followed.  *West v. Van Pelt*, 34 Neb., 63, distinguished.

2. **Sales:** CONTRACTS: TENDER OF DELIVERY.  On a contract for the delivery of goods the vendee is not entitled to recover where delivery was tendered at the time for performance and the tender kept good till the trial.

ERROR from the district court of Harlan county. Tried below before GASLIN, J.

*John Everson*, for plaintiff in error.

*W. M. Morning*, contra.

IRVINE, C.

This was an action by Mayer to recover for services alleged to have been performed for Ver Bryck as a real estate broker. There was a verdict and judgment for the defendant, a reversal of which is sought by the plaintiff.

The plaintiff requested the following instruction, which was refused: "If you find that defendant Ver Bryck re-

quested plaintiff Mayer to assist in the sale of defendant's property, described in the petition of plaintiff, and that plaintiff Mayer did assist in said sale, even if plaintiff did not wholly procure said purchaser, still, if plaintiff Mayer, at the request of defendant Ver Bryck, assisted in procuring the sale, he is entitled to what his services are reasonably worth, and your verdict must be for plaintiff." The refusal of this instruction is assigned as error. The plaintiff also requested the following instruction: "The jury are instructed that if you find from the evidence that the defendant Ver Bryck requested the plaintiff to procure a purchaser for the brick store described, and in pursuance thereof the said plaintiff Mayer procured a purchaser, with whom defendant J. A. Ver Bryck afterwards negotiated a sale himself, nevertheless the said plaintiff Mayer would be entitled to recover, and you will find for the plaintiff." This the court gave, adding the following modification: "Provided plaintiff found a purchaser and effected a sale, and defendant promised to pay said plaintiff $50 therefor, as averred in the petition." The modification of this instruction is assigned as error. These two assignments may be treated together.

The plaintiff contends that the law is as stated in the instructions requested without modification, and cites in support of that contention a number of decisions of this court. The question must, however, be determined as one rather of pleading than of substantive law. The petition is as follows: "On or about the —— day of January, 1890, the defendant requested plaintiff to find him a purchaser of lot 2, in block 16, in First Addition to Alma, Nebraska, on terms fixed by the defendant, and agreed to pay plaintiff for his services, and as compensation for finding said purchaser and making said sale the sum of $50. On or about the —— day of ——, 1890, this plaintiff found a purchaser for said premises for said defendant and sold said premises to him on terms fixed by defendant, whereby said defend-

ant became indebted to plaintiff in the sum of $50. No part of said sum has been paid and there is now due from defendant to this plaintiff the sum of $50, for which sum, with costs, plaintiff asks judgment." There is no count upon a *quantum meruit.* The plaintiff pleaded a special contract that he should receive $50 as compensation for finding a purchaser and making a sale, and the court did not err in refusing to permit the jury to base its verdict upon a *quantum meruit,* which was the effect of refusing the instructions as asked. Most of the cases cited do not tend to support the plaintiff's contention that he was entitled to recover on a *quantum meruit* under the pleadings. Nearly all the cases cited by him state only the rule determining the broker's right to recover. No question of pleading was presented in those cases, and the petition, where its nature is disclosed, was upon a *quantum meruit.* In *Gregg v. Loomis,* 22 Neb., 174, it is intimated that the evidence introduced to show that the broker had procured a purchaser who had thereafter effected a purchase from the owner directly was not admissible under the pleadings; but even in that case the opinion discloses that the petition counted on a *quantum meruit.* In *West v. Van Pelt,* 34 Neb., 63, a broker to procure a donation of land was permitted to recover on a *quantum meruit,* under a petition alleging merely a special contract; but this was because the court considered that the pleadings contained sufficient averments of a waiver of full performance to justify a submission to the jury. In no case has the court held that where the pleadings allege a special contract only, the plaintiff can recover without showing performance upon his part. To recover upon a part performance, or to recover on a *quantum meruit,* facts justifying such recovery must be pleaded. (*Powder River Live Stock Co. v. Lamb,* 38 Neb., 339.)

The defendant denied the employment of plaintiff, but admitted that after the sale was effected he promised to give

the plaintiff a suit of clothes. He then pleaded that he had offered him the suit of clothes, and that he tendered it in court. The plaintiff asked the court to instruct the jury, in effect, that if the agreement was to pay the plaintiff in goods, and if the defendant had failed to do so, then the plaintiff would be entitled to recover the value of the goods in money. The refusal of this instruction is assigned as error. The evidence was undisputed that the defendant tendered a suit of clothes to the plaintiff. The plaintiff swears that he refused it because defendant promised him a tailor-made suit worth $50, and he was tendered a ready-made suit worth much less. It may be that if the plaintiff had requested an instruction submitting to the jury this issue, he would have been entitled to it; that is, that if defendant had agreed to supply the plaintiff with a tailor-made suit worth $50, and had tendered a less valuable ready-made suit, this would be a failure to deliver the goods according to the contract, and would entitle the plaintiff to recover in money the value of the suit which should have been delivered. But the instruction asked did not so submit the question. Under the instruction, as requested, the jury would have been required to find for the plaintiff for the value of the suit in money, although they found the agreement to be as the defendant contended, to deliver a ready-made suit such as the defendant tendered, and which, if necessary to avoid error, we must assume to have been tendered in court in accordance with the answer. It is clear that if the defendant only agreed to give such a suit as he offered to the plaintiff, and if on the trial he tendered that suit anew, the plaintiff would not be entitled to recover.

It is assigned that the verdict is not sustained by the evidence. We have examined the evidence and find it sufficient.

JUDGMENT AFFIRMED.