JOHN SMITH v. ELIZA BROWN.

FILED OCTOBER 15, 1895.   No. 5404.

</div>

1. **Admission of Evidence:** ESTOPPEL.   A party who asks his adversary to offer in evidence a written instrument of doubtful competency cannot be heard to urge in this court, when the instrument was immediately offered, that it should have been excluded as incompetent.

2. **Sales:** CONTRACT FOR MEASUREMENT OF PROPERTY: EVIDENCE OF WEIGHT.   Where hay was sold with the understanding that 420 cubic feet were to be computed as a ton, evidence to show that the actual weight of such a volume of hay was less than a ton was properly excluded.

3. **Instructions.**   Certain rulings of the court in giving and refusing instructions presenting no legal questions of general interest examined, and *held* not erroneous.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Ricketts & Wilson,* for plaintiff in error.

*Charles E. Magoon, contra.*

IRVINE, C.

Eliza Brown sued John Smith to recover $84 as the purchase price of five stacks of hay which she alleged she had sold and delivered to Smith on a special contract that he should pay therefor that price.   Smith defended on the ground that he had bought three of the stacks by the ton;

that two small stacks he bought in bulk for the price of $9, and that he had taken half a ton, in value $2, from one of the larger stacks; that Mrs. Brown had falsely represented to him that the largest stack contained fourteen tons and the other two not purchased in bulk, eight each, whereas in fact the said three stacks really contained but eighteen tons; that after discovering the falsity of the representations he had tendered Mrs. Brown $11 for the hay received and had refused to take the remainder. The reply was a general denial. There was a verdict for the plaintiff for the full amount claimed.

F. M. Glenn was called as a witness to prove the quantity of hay. After testifying that prior to the sale to Smith he and another had measured the hay in the stacks, he was interrogated as to the method pursued in making the measurement. He produced certain memoranda which he testified were made at the time the measurements were taken. These were offered in evidence and their admission is assigned as error on the ground that they were not such accounts as are admissible under the statute. This is true. Their office was only as memoranda for the purpose of refreshing the witness' memory. We need not inquire whether or not there was a proper foundation for the admission of the memoranda themselves, because immediately before they were offered in evidence the witness was interrogated in such a manner as to call upon him to testify in regard to the facts. Whereupon, to quote the bill of exceptions, "Counsel for the defendant here asks that the memorandum shall be introduced in evidence and not the witness' statement of what it shows, because the method of arriving at it is the material thing." The plaintiff then offered in evidence the memoranda. The defendant objected to their admission. The objection did not go to any particular features disclosed by the memoranda themselves, but to the general question of their competency as evidence. As they were offered at the suggestion and upon the re-

quest of defendant he cannot be heard to object to their introduction.

An effort was made, after proving that the hay to which the controversy related was a portion of a crop of hay grown on the land where it was stacked, and stacked in a number of different stacks of the same general contour, to show that other stacks of this character had been purchased by another witness, and that when the hay contained therein was weighed it did not weigh as much as indicated by Mrs. Brown's measurements, under which both sales had been made. The exclusion of this evidence is assigned as error. Disregarding the tendency of this evidence if admitted to introduce into the action the trial of collateral issues, it was properly rejected on another ground. It is undisputed that both parties contemplated a sale, not by actual weight, but by measurement, and about the only fact on which all witnesses substantially agreed is that in the purchase of hay in this manner 420 or 421 cubic feet are calculated as constituting a ton. It was by the ton as so measured, and not by weight, that this hay was sold, and the evidence shows that the actual weight of 420 cubic feet of hay differs according to the season, quality, and other conditions. It was, therefore, wholly immaterial whether the hay weighed as many tons as the stacks by measurement were calculated to contain. There is no statute fixing the volume of a ton of hay. There is a statute fixing the weight of certain articles measured by bushels. (Compiled Statutes, 1895, sec. 5, ch. 94.) "A bushel of each of the articles enumerated in this section shall consist of the number of pounds respectively affixed to each, viz.: " Then follows a list of articles, and in that list we find "hay, per ton, 2,000 pounds." There is nothing here to establish any standard of comparison between the volume and the weight of hay, and we know no reason why the parties may not conventionally, either by express agreement or by established custom, deal in hay according to any arbitrary calculation of

the volume requisite to constitute a ton, regardless of the actual weight. This is what was here done.

The defendant in error requested the following instruction: "The parties to this action agree that 420 cubic feet of hay constitute a ton by measurement, and you are instructed that the rule adopted by plaintiff and her son of multiplying the length and width of stack together and this product by one-third of the length of a line from the bottom of a stack on one side over the top and to the bottom of the stack on the other side does not give the cubic contents of such stack, and hence would not form a correct dividend to divide by 420 cubic feet, the contents of a single ton. This being the rule employed by plaintiff in the measurement of this hay you are instructed that such measurement was erroneous." Its refusal is assigned as error. The court of its own motion gave this instruction : "The evidence shows that it was the intention of the parties to this action at the time they entered into the contract in relation to the hay in question, that 420 cubic feet of hay would constitute a ton by measurement. You are instructed that the rule adopted by the plaintiff and her son of multiplying the length and width of the stack together and this product by one-third of the length of a line from the bottom of the stack on one side over the top and to the bottom of the stack on the other side, would not in all cases give the cubic contents of a stack of hay, and whether or not it would give the true contents of the stack in cubic feet in this particular instance is for you to determine." The difference in these instructions is only that by that requested the jury was positively instructed that the method of measurement resorted to was incorrect, while by that given the jury was cautioned that it would not be in all cases correct and that they should determine whether or not it was correct in this case. It is clear that the cubic contents of the stack would not be accurately ascertained by that method unless its cross-section was a perfect square. There is in the evi-

dence nothing to show the contour of the stacks in question, the nearest approach to testimony on this subject being that of a witness for the plaintiff in error who testified that one of the stacks was ten feet wide and "squared five feet high." But it further appears from his testimony that the section of the stack was not rectangular and that his statement that it would square five feet high was based merely on a rough estimate obtained by observation assisted by rude measurements. The remainder of this witness' testimony was not of a character calculated to impress one with his accuracy as a mathematician, although his father testified that the witness referred to was relied on to make the estimate, stating, as a reason, that he "was accurater at figures than I was,"—proof as to the competency of this witness as an expert which was somewhat weakened by the father's further testimony, that "I ain't so accurate in figures as some men." Indeed the great difficulty which counsel seem to have had in the trial of the case was with the testimony of some of these expert geometers, the testimony of one of whom discloses that he was firmly convinced that the proper method to ascertain the area of a semicircle was to multiply the diameter by a third of the circumference. Speaking more seriously, there is absolutely no evidence in the record from which the actual cubic contents of the hay stacks can be ascertained with any degree of accuracy. In view of the pleadings and the evidence as to the contract between the parties the burden of proof devolved upon the plaintiff in error to show that the stacks contained less than was represented. Under this condition of the record we do not think that the plaintiff in error can complain because the court left the whole matter to the jury.

It is also contended that the court erred in giving to the jury an instruction to the effect that fraud is never presumed, but must be established by proof, like any other fact. The criticism of this instruction is that it implied that the plaintiff must recover, unless an actual design on the part of de-

fendant was shown to deceive the plaintiff.   In at least three other instructions the jury was told in effect that if the representations were made under circumstances entitling the defendant to rely thereon, and if they were in fact false, the plaintiff could not recover.   These instructions were certainly of such a character that the jury could not have inferred that an actual intent to deceive was necessary.

Complaint was made of another instruction, whereby the jury was told that if the defendant purchased the hay with full knowledge of the manner in which it had been measured, then he would be bound by the measurement, even though it might be incorrect.   This was coupled with an instruction to the effect that if the defendant was ignorant of the business concerning which he contracted and was not acquainted with the measurement of hay in the stack, then plaintiff must answer for her failure to impart any special knowledge which she possessed.   Taking these two instructions together we think they fairly stated the law. If both parties were equally conversant or equally ignorant of the method employed in the measurement of hay stacks and contracted for the purchase and sale of the hay, as measured according to a particular method, the method pursued being known to both, then the contract amounted to nothing more than an agreement to take the hay as so estimated, without regard to the accuracy of the estimate. Under such circumstances neither party could rescind on ascertaining that the method pursued was not accurate. This and another instruction are also objected to on the ground that they were not applicable to the evidence.   An examination of the evidence convinces us that this objection is not well taken.

JUDGMENT AFFIRMED.