## W. E. DORRINGTON ET AL. v. JOHN W. POWELL.

FILED OCTOBER 20, 1897.   No. 7498.

1. **Factors and Brokers: CONTRACT TO MAKE SALE: COMPENSATION.** In an action for the recovery of an agreed compensation to be paid on the making of a sale or disposition of property, a broker is not entitled to recover for merely finding a purchaser, where the sale failed of consummation.

2. ———: ———: ———. A party cannot recover on a *quantum meruit* where he pleads and relies on the trial solely upon a special contract.

ERROR from the district court of Richardson county. Tried below before BABCOCK, J.   *Reversed.*

*Reavis & Reavis*, for plaintiffs in error.

*F. Martin*, contra.

RYAN, C.

As this case was tried in the district court of Richardson county on the same pleadings that it had been determined upon in the county court of that county, it

will be necessary to describe them but once in a general way. John W. Powell, by his petition, claimed of the defendants, W. E. Dorrington and David D. Reavis, partners doing business under the firm name of Dorrington & Reavis, the sum of $225, with interest. His cause of action was stated in the following language: "On the 10th day of January, 1893, the plaintiff entered into the service of the defendants at their request as agent to sell and dispose of certain goods of the value of $8,000, there in a storeroom in the city of Falls City, Richardson county, Nebraska, for which the defendants agreed to pay the plaintiff the sum of $225. The plaintiff sold said goods for the benefit of the defendants and has duly performed all the conditions in the contract on his part to be performed." Following the above averments there were allegations of a refusal to pay, and a prayer for judgment in the sum of $225 and interest. The answer was a general denial. There was a verdict and judgment in favor of Powell in the sum of $112.50, for the reversal of which judgment Dorrrington & Reavis have prosecuted error proceedings to this court.

On the trial, to sustain his action, Powell introduced in evidence a paper of which the following is a copy:

"This agreement, made this 10th day of July, 1893, between W. E. Dorrington and David D. Reavis, of the first part, and F. S. Colby, witnesseth: That said first party agrees to sell to said second party their full stock of furniture, carpets, coffins and hearse, and all undertaker's goods at wholesale cash prices, including hearse, and on all damaged goods a reduction shall be made in proportion to the amount of the damages; and second party agrees to pay for the same as follows: Said first party to have the option of taking all of three separate tracts of land in Kansas, described as follows, to-wit: South ½ of the southwest ¼ sec. 2, and the E. ½ of the S. E. ¼ of section 3, town 2, south of range 25, west. Cash. 160 acres in Norton Co. at $2,000 for said ¼ sec., subject to a mortgage of $1,200 (the R. G. Doom place, 6 miles south-

east of Kanona). Cash. 160 acres near Kanona, De-
catur Co. at $12.50 per acre (south $\frac{1}{2}$ of S. W. $\frac{1}{4}$ & N. E. $\frac{1}{3}$
of the S. W. $\frac{1}{4}$ and the southeast of the N. W. $\frac{1}{4}$, sec. 9,
town 2, south of range 29). Cash. 160 acres near Ober-
lin, Decatur Co., at $8 per acre. Said two last pieces
are clear of incumbrances. Also a house and two lots in
Lincoln, Neb., described as follows: Lots 5 and 6, block
88, University Place, Lincoln, Neb., at $3,000, clear. Of
the said house and lots below trade of land—and the bal-
ance over and above such amounts and up to the invoice
of said store, to be paid in cash by the second party, it is
understood that all over the property and $2,500 cash,
said Dorrington and Reavis will take good secured notes.
Said invoice to be made and this contract carried out
as soon as said first party can personally examine said
property and the said invoice be made.

"Each of said parties hereto agree to place in the hands
of J. W. Powell the sum of $100, which sum shall be for-
feited by the party refusing to execute this contract, and
be paid by said Powell to the party willing to carry out
this contract. * * * The price of all goods that can-
not be agreed upon shall be left to some wholesale furni-
ture house. Hearse to be taken at the present value.

"W. E. DORRINGTON.
"DAVID D. REAVIS.
"S. F. COLBY.

"Witness: JOHN W. POWELL.

"We, the undersigned, agree to take the Lincoln prop-
erty and one hundred and sixty acres north of Oberlin,
Kansas, Decatur Co., as looked at and above described.

"DORRINGTON & REAVIS,
"By W. E. DORRINGTON."

It is observable that the value of the property to be
transferred to Colby was not fixed by the above agree-
ment. That fact was afterwards to be determined. The
property itself was described in general terms, and when
the parties attempted to fix values there arose a dispute
as to whether or not certain property which Dorrington

Dorrington v. Powell.

& Reavis insisted Colby should take was within the scope of the general terms above noted. This property was a hearse, house, refrigerator, and some walnut lumber. While this property does not seem to have been of great value, the difference in respect to it prevented the consummation of the sale. Plaintiff alleged that the property sold was of the value of $8,000, and certainly by this statement he at least should be bound. Dorrington & Reavis agreed to accept the 160 acres near Oberlin at $8 per acre, and the Lincoln property at a valuation of $3,000. This covered $4,280 of the consideration to be paid by Colby. He was also to pay $2,500 in cash. This made the amount as to which the media of payment was agreed upon $6,780. The balance of the consideration (which, under the averments of the plaintiff's petition, must be assumed to be at least $1,220) Dorrrington & Reavis agreed to take in good secured notes. In view of these matters of difference, the contract to sell was not complete. In *Wallingford v. Burr*, 15 Neb., 204, the principles applicable, as stated in the syllabus, are in this language: "When anything remains to be done between the buyer and seller before the goods are to be delivered, a present right of property does not attach in the buyer. An agreement to sell and transfer property at prices to be afterwards determined is an executory contract." The jury were instructed, in effect, that if the agreement between plaintiff and defendants was that plaintiff should find a purchaser for or make a sale of the property, plaintiff would be entitled to recover the usual or regular commission paid for finding such purchaser or making such sale. This was erroneous in two respects. There was in the petition no averment of a contract to find a purchaser. The undertaking of plaintiff, as he himself described it, was to sell and dispose of the property. The instruction therefore recognized a right of recovery for services for the rendition of which plaintiff had asserted no claim. Again, the right of recovery was in the petition based solely on a special contract which was pleaded,

and under these issues an inquiry as to the usual or regular commission on sales was wholly irrelevant. (*Imhoff v. House*, 36 Neb., 28; *Powder River Live Stock Co. v. Lamb*, 38 Neb., 339; *Mayer v. Ver Bryck*, 46 Neb., 221; *Smith v. Brown*, 46 Neb., 230.)

Because of the errors indicated, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND DISMISSED.