BERNARD D. BARRY, RITA BARRY, AND MARY C. BARRY, APPELLEES, V. ALBERT C. BARRY, APPELLANT.

26 N. W. 2d 1

FILED FEBRUARY 7, 1947. No. 32111.

*Boyle & Boyle,* for appellant.

*Charles S. Reed,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and ANKENY, District Judge.

YEAGER, J.

This is an action by Bernard D. Barry, Rita Barry, and Mary C. Barry, plaintiffs and appellees, against Albert C. Barry, defendant and appellant, to foreclose a mechanic's

lien. The district court on a trial of the case found that the plaintiffs had a valid lien for a part of the amount claimed and decreed foreclosure accordingly. A motion for new trial was filed by the defendant. This motion was overruled. From the decree and the order overruling the motion for a new trial the defendant has taken this appeal.

The petition on which the decree was based set forth that the defendant was at the time of the commencement of the action the owner of Lot 4, Block 9, Corrigan Place, an addition to the City of Omaha, Nebraska; that prior to January 3, 1945, defendant and Mary A. Barry, wife of defendant and mother of plaintiffs, owned the real estate in question as joint tenants with right of survivorship; that Mary A. Barry died January 3, 1945; that the plaintiffs at the order and account of Mary A. Barry furnished certain labor and materials for the improvement of the residence building on the premises; that the date of the first item was October 30, 1944, and the date of the last item was December 2, 1944; that an account as follows of the labor and materials was duly and regularly filed in the office of the Register of Deeds on March 2, 1945:

| | |
|---|---:|
| Nov. 27 44 Furnace | $582.00 |
| Oct. 30 44 Light fixtures | 17.00 |
| Oct. 30 44 Windows | 60.00 |
| Nov. 20 44 Hall painted | 35.00 |
| Nov. 6 44 Toilet fixtures | 10.00 |
| Nov. 24 44 Basement excavation | 100.00 |
| Nov. 22 44 Chimney repairs | 27.00 |
| Dec. 2 44 Bedroom painting | 20.00 |
| Nov. 24 44 Water Line | 35.00 |
| Total | $886.00 |

The prayer of the petition was for an accounting, for an adjudication that a lien existed in favor of plaintiffs, and for foreclosure of the lien.

To the petition the defendant filed an answer wherein he admitted the jurisdictional allegations of the petition. He

further admitted his ownership of the real estate and that prior to the date of the death of Mary A. Barry he was a joint tenant with her with right of survivorship. He also admitted that between October 30, 1944, and December 2, 1944, the plaintiffs at the order and account of Mary A. Barry furnished certain labor and materials for the improvement of the residence building on the real estate in question. Further answering he denied generally all of the other allegations of the petition. Included in the answer was a general demurrer.

The asserted grounds for reversal are (1) that the court erred in overruling the demurrer, (2) that the court erred in overruling defendant's motion made at the conclusion of plaintiffs' case for a finding in favor of defendant and for a dismissal of the action, (3) that the court erred in overruling defendant's motion made at the conclusion of all of the evidence for a finding in favor of defendant and for a dismissal of the action, and (4) that the court erred in overruling defendant's motion for a new trial.

On the trial of the case the evidence disclosed that the defendant and Mary A. Barry were husband and wife and were the owners in joint tenancy of the real estate in question and that the plaintiffs were children of these parties. The defendant separated from his wife in 1939 and from that time until after the death of his wife did not occupy the property. The plaintiffs occupied the property with their mother except that for about 17 months Bernard was away in the military service. A furnace was put in the house at the cost of $582. Of the cost, Bernard Barry contributed $250, Mary C. Barry $150, and Rita Barry $182. Apparently the furnace was purchased from and installed by Olson Bros. The manner in which the transaction was handled is not made clear. The transaction appears to have been carried on in the name of Bernard Barry.

However that be, there is no evidence of any transaction between Mary A. Barry and Olson Bros. and no evidence of any agreement or understanding between Mary A. Barry

on the one hand and the three plaintiffs on the other. Likewise there is no evidence of agreement or understanding with the defendant. There is not any evidence that he had any knowledge of the installation of the furnace until after it was installed. This lack of agreement, of understanding and knowledge, applied to each and every other item of the account.

In this state of the record the trial court decreed the existence of a mechanic's lien for $599 and allowed foreclosure for that amount. This appears to have been $582 for the cost of the furnace, $10 for the cost of the toilet fixtures, $2 for the cost of chimney blocks, and $5 for the cost of paint. This is not certain since the decree does not so state but by analysis of the record we have come to this conclusion. Also this analysis conforms to the statement of plaintiffs' brief. It appears from this that the trial court did not intend to and did not allow anything for the labor performed by Bernard Barry and limited the affirmative finding of the decree to the expenditures made by the plaintiffs.

Passing over the first assignment of error, did the evidence sustain the right to a mechanic's lien for the items allowed in the decree in favor of these plaintiffs against this real estate in the hands of this defendant after the death of Mary A. Barry, his cotenant? Could it even have been sustained for these items against it in the hands of Mary A. Barry?

The plaintiffs urge that this question may not be properly considered by this court on account of the admissions of the answer. They say that the answer admitting that these items were furnished at the order and account of Mary A. Barry bars a contention that there may be no lien therefor. They insist that the following rule is applicable: "Where an allegation in the petition is admitted by the answer, the fact is established for the purpose of the case, and the court cannot disregard it." Fidelity Finance Co. v. Westfall, 127 Neb. 56, 254 N. W. 710.

No fault may be found with this as a rule of law but we fail to see how it becomes applicable to the situation here. The answer does admit that certain labor and materials were furnished by plaintiffs for the account of Mary A. Barry but the admission is not couched in such terms as to amount to an admission that they were furnished in such manner as to entitle them to a mechanic's lien.

The question of whether or not plaintiffs were entitled to a lien in any event was properly raised in the second specification of the motion for a finding in favor of defendant and dismissal of the action made at the close of plaintiffs' evidence and preserved by a renewal of the motion at the close of all of the evidence.

Whether or not the trial court erred in refusing to decree a lien for the work performed by Bernard Barry is not before this court. The finding in this respect was adverse to plaintiffs and they did not cross-appeal. The fact is that we have here only that part of the decree which concerns the matter of material furnished by plaintiffs.

In ascertaining whether or not plaintiffs are entitled to a lien it becomes necessary to examine the appropriate statute and its history. The statute which contains the authority for the creation of mechanic's liens is the following: "Any person who shall perform any labor or furnish any material or machinery or fixtures, including gas and electric apparatus and lighting fixtures, whether detachable or undetachable, for the construction, erection, improvement, repair or removal of any house, mill, well or cistern or manufactory, or building or appurtenance by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, mill, well, cistern, manufactory, building or appurtenance, and the lot of land upon which the same shall stand." § 52-101, R. S. 1943.

It will be noted that the first few words are a designation of those who are entitled to a lien under the statute. They

are: "Any person who shall perform any labor or furnish any material or machinery or fixtures, * * *."

The right to this type of lien is not new to the laws of this state. In fact the right was created by statute even before statehood and has continued without interruption thenceforth. R. S. 1866, ch. XXXV, § 1, p. 257; G. S. 1873, ch. 42, § 1, p. 466; Laws 1885, ch. 62, § 1, p. 275; Laws 1913, ch. 99, § 1, p. 253; Laws 1915, ch. 74, § 1, p. 188. An examination of these statutes in sequence will disclose some changes and extensions in some respects but that there has been no change in the designation of those who are entitled to a lien. Through the entire course of legislation the words "Any person who shall perform any labor or furnish any material or machinery" have remained.

While this language is broad in its implications yet we cannot think that it is broad enough to include plaintiffs in the class of those entitled to a lien for material furnished. Viewing the evidence most favorably to them it cannot be said that they furnished material. Rita and Mary C. Barry furnished only money. To whom they delivered it is not disclosed. Whether it was to Bernard or Mary A. Barry or Olson Bros. we do not know. All we know is that each paid a part of the costs of the furnace and of its installation. The material for which they paid was furnished by Olson Bros. Bernard Barry is in an exactly comparable situation with regard to the furnace. With regard to the other items he is in the situation also of having paid for material furnished by others. We are clearly of the opinion that the statute does not extend its protection to such as these plaintiffs.

We conclude therefore that the trial court was in error in declaring a lien and decreeing a foreclosure thereof.

If we were to assume, as the trial court did, that plaintiffs come within the designation of those entitled to a lien under the statute and the property in question could, under recognized rules of law, be subjected to a lien still

under the facts of this case the subjection of it to a lien would be error.

Referring back to section 52-101, R. S. 1943, it will be noted that to entitle one to a lien the labor must have been performed or the material furnished "by virute of a contract or agreement, expressed or implied, with the owner thereof or his agents, * * *."

In Great Western Manufacturing Co. v. Hunter Bros., 15 Neb. 32, 16 N. W. 759, in interpreting the then existing statute, which in the respect under consideration here was the same as the present statute, it was said: "From an examination of this section it must be apparent that it makes no difference what the nature or character of the contract may be, whether special, or parol, verbal, or written, express or implied."

There is no evidence of any kind or character in this record proving the existence of an express contract or from which one may be implied. There is no evidence whatever directly or from which a reasonable inference may be drawn that the plaintiffs ever sought to exact or expected repayment for the outlay of money from their mother, the occupying cotenant. There was no evidence of expectation in this respect offered by either Rita or Mary C. Barry. The only evidence of expectation on the part of Bernard Barry was that he anticipated a participation in the division of the property on his mother's death. The most that may be inferred from the evidence is that these three, living in the premises with their mother and some younger brothers and sisters, recognizing the desirability of improvement of the property, set about to and did accomplish that purpose without expectation of reimbursement except as they might receive reimbursement out of the property itself on the death of their mother.

Assuming again that the plaintiffs come within the designation of those entitled to a lien under the statute there is still another reason why the plaintiffs are not entitled to a recovery in this action.

This is an action to subject the interest of a nonoccupying joint tenant to a lien for material and labor furnished to the occupying joint tenant for the purpose of improving the property. As we have pointed out there is no evidence of an agreement therefor with the occupying tenant, but if there had been neither the nonoccupying tenant nor his interest could be charged therefor in the absence of his consent, express or implied. The general rule is stated in 48 C. J. S., Joint Tenancy, § 8, p. 931, as follows: "As a general rule one joint tenant cannot compel a cotenant to make improvements on the joint property, nor can he compel his cotenant to contribute to the expense of ordinary repairs or improvements made thereon by himself without the cotenant's consent, express or implied, although the cotenant knew that the improvements were being made; * * *." See Ward v. Ward's Heirs, 40 W. Va. 611, 21 S. E. 746, 52 Am. S. R. 911, 29 L. R. A. 449; Miller v. Prater, 267 Ky. 11, 100 S. W 2d 842; Crest v. Jack, 3 Watts (Pa.) 238, 27 Am. D. 353.

In 40 C. J., Mechanics' Liens, § 84, p. 98, it is said: "In a majority of jurisdictions it is a rule that a contract with one spouse alone is not a sufficient basis for a mechanic's lien on property owned jointly by husband and wife, * * *." See Holland Furnace Co. v. Bodell, 215 Mich. 7, 183 N. W. 719; Sheldon, Kamm & Co. v. Bremer, 166 Mich. 578, 132 N. W. 117; Berglund & Peterson v. Abram, 148 Minn. 412, 182 N. W. 624.

The case as presented here runs afoul of these two rules. If there was an agreement it was with the wife alone, and there is no evidence that the defendant consented to the improvements.

We are not unmindful of the rule that where a part owner contracts for, or authorizes the making of, an improvement on the common property, his or her interest therein may be subjected to a lien for the entire cost thereof. 40 C. J., Mechanics' Liens, § 105, p. 109; Berglund & Peterson v. Abram, *supra*. The rule, however, can have no

application here since this is not an action for that purpose. This is not an action against the heirs or legal representatives of Mary A. Barry to enforce the claim against property in which she had an interest in her lifetime, but it is an action against Albert C. Barry to impress a lien against his property acquired in the first instance jointly with Mary A. Barry by conveyance and later in entirety by death of the other joint tenant.

For the reasons herein set forth the decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.