HOWARD BONSALL, DOING BUSINESS AS THE BONSALL COMPANY, APPELLEE, v. KRISTINA M. STERRETT ET AL., APPELLANTS, IMPLEADED WITH ROBERT RIDER, DOING BUSINESS AS RIDER DRILLING CO., APPELLEE.

250 N. W. 2d 910

Filed March 2, 1977.  No. 40713.

Gerald E. Matzke of Martin, Mattoon & Matzke, for appellants.

Peetz, Dorwart & Peetz, for appellee Bonsall.

Richard H. Williams of Nelson, Harding, Marchetti, Leonard & Tate, for appellee Rider.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ., and HAMILTON and WINDRUM, District Judges.

HAMILTON, District Judge.

This is an action brought by Howard Bonsall, doing business as The Bonsall Company, to foreclose a mechanic's lien in the amount of $5,238.09, against real

property owned by the appellants, Kristina M. Sterrett, Ray Sterrett, Olava Hansen, and Albert Michael Sterrett.

Appellee contracted in writing to construct a swimming pool for appellants at the mobile home park of the appellants in Sidney, Nebraska. The construction contract provided for a contract price of $21,441, to be paid in three payments, the final payment payable on completion of the contract. Approximate completion date of the contract was June 7, 1973, with the provision that the pool would be deemed completed when "plastering or painting is done and equipment installed."

The first two payments were made on the contract as agreed. Defendants refused to pay the balance due claiming that the painting was not completed and the equipment to operate the pool was not hooked up.

The issues tried to the District Court were whether the plaintiff completed his contract and substantially constructed the pool in the manner agreed to by the plaintiff.

The trial court found that plaintiff substantially completed his contract; that the omissions and defects in plaintiff's performance were slight; and that defendants were entitled to $25.73 set off for some minor items not delivered by plaintiff. The trial court allowed the mechanic's lien and recovery of judgment therein in the sum of $5,212.36.

The defendants assign as error that the decision of the trial court finding that plaintiff had substantially performed the contract was contrary to law and said finding was not sustained by sufficient evidence.

The defendants' evidence consisted principally of the testimony by Kristina M. Sterrett of alleged defects and omissions on the part of the contractor, in addition to the testimony of Ray Sterrett concerning the cost of correcting the claimed defects. The testimony of

Howard Bonsall and his employees directly contradict each claimed defect and omission.

The trial judge, in addition to hearing the testimony of the witnesses, personally inspected the premises and found that the contractor had substantially performed the contract, and nothing in the record justifies a contrary conclusion by this court.

"When an action in equity is appealed, it is the duty of this court to try the issues de novo and to reach an independent conclusion without reference to the findings of the District Court. Where in such a case the trial court has made a personal examination of the physical facts, and where, in the same case, the oral evidence in respect of material issues is so conflicting that it cannot be reconciled, this court will consider the fact that such examination was made and that such court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Satterfield v. Dunne, 180 Neb. 274, 142 N. W. 2d 345. This court reached the same conclusion in Cape Co. v. Wiebe, 196 Neb. 204, 241 N. W. 2d 830.

No useful purpose would be served by detailing the conflicting testimony of the witnesses. The trial court's observations of the witnesses and the premises control the conflicting contentions.

The judgment of the trial court is affirmed.

AFFIRMED.