RICHARD E. REEVES, APPELLEE, V.
BRIAN R. WATKINS, APPELLANT.

305 N.W.2d 815

Filed May 15, 1981.   No. 43467.

Steven D. Keist of Watkins, Osborne, Scott & Keist for appellant.

James M. Kelley of Kelley & Thorough for appellee.

Heard before KRIVOSHA, C.J., MCCOWN, WHITE, and HASTINGS, JJ., and RICHLING, District Judge.

KRIVOSHA, C.J.

The appellant, Brian R. Watkins (Watkins), appeals from an order entered by the District Court for

Lancaster County, Nebraska, affirming a previous order entered by the municipal court of the city of Lincoln, Nebraska, sustaining a motion for summary judgment filed by the appellee, Richard E. Reeves (Reeves). We affirm.

The record discloses that Watkins, a partner in a joint venture known as Venture "78" Ltd., personally entered into a contract with Reeves for architectural services in connection with the design and construction of an office complex to be constructed and owned by Venture "78." The contract, as disclosed by the evidence, is a standard AIA Document B141, Owner-Architect Agreement, and contains in Article 8 of the agreement a specific provision for liquidated damages. Article 8 of the agreement provides as follows:

"8.1 This Agreement may be terminated by either party upon seven days' written notice should the other party fail substantially to perform in accordance with its terms through no fault of the party initiating the termination.

"8.2 In the event of termination due to the fault of parties other than the Architect, the Architect shall be paid his compensation for services performed to termination date, including Reimbursable Expenses then due and all termination expenses.

"8.3 Termination Expenses are defined as Reimbursable Expenses directly attributable to termination, plus an amount computed as a percentage of the total compensation earned to the time of termination, as follows: 20 percent if termination occurs during the Schematic Design Phase; or 10 percent if termination occurs during the Design Development Phase; or 5 percent if termination occurs during any subsequent phase."

The evidence further discloses that sometime after the contract between Watkins and Reeves was entered into on July 22, 1978, and before the project was completed, a mortgage foreclosure involving the project property was filed by the United States

National Bank of Omaha against Venture "78" in the District Court for Lancaster County, Nebraska.

Thereafter, Reeves intervened and filed an answer and cross-petition in the mortgage foreclosure. In his cross-petition he alleged the execution of the contract between himself and Watkins and the existence of a valid mechanic's lien which he sought to foreclose. Furthermore, Reeves alleged that he had "performed all of the duties imposed upon him under the terms of the contract evidenced by Exhibit 'A.'" He further alleged, as he was required to do, that he had caused to be filed in the office of the Register of Deeds of Lancaster County, Nebraska, a mechanic's lien which had attached to it a copy of the written agreement between Reeves and Watkins. Watkins answered the cross-petition by filing a general denial.

On May 18, 1979, the District Court for Lancaster County, Nebraska, entered a decree of foreclosure in favor of the United States National Bank as first lienholder. The court further found in its decree that Reeves claimed a lien but that a dispute existed as to the validity of the alleged lien. The court therefore determined that the dispute should be resolved, and if resolved in favor of Reeves, should constitute a third lien against the property, the second lien being in favor of First Savings Company of Lincoln.

The parties then entered into a trial stipulation in the foreclosure action in which Watkins acknowledged executing the agreement with Reeves, and further acknowledged that a mechanic's lien with attachments, including the contract, was filed in the office of the Register of Deeds of Lancaster County, Nebraska. Watkins further stipulated that the joint venture had paid to Reeves, under the terms of the agreement, the sum of $33,674.88.

Trial was then had on the validity of Reeves' mechanic's lien, and on May 29, 1979, judgment was entered by the District Court for Lancaster County, Nebraska, in the foreclosure action in favor of Reeves

and against Watkins. In its judgment, the court specifically found that the mechanic's lien filed by Reeves was a valid mechanic's lien and should be foreclosed against the joint venture for the amount of $1,744.25. The parties acknowledge that the sum included in the mechanic's lien foreclosure did not include any part of the liquidated damages now being sought.

Reeves thereafter filed a petition in the municipal court of the city of Lincoln seeking to recover the termination fee in the amount of 5 percent of $36,043.85 as provided for in Article 8.3 of the contract. By way of answer, Watkins admitted the execution of the contract but denied all of the other allegations of Reeves' petition. Watkins further filed a counterclaim in which he acknowledged that Reeves had previously been paid $36,043.85 but maintained that Reeves had overcharged Watkins and had not given him credit for the overcharge. Furthermore, Watkins alleged that the termination was not due to any act of Watkins but solely due to the acts of Reeves. Watkins also alleged that Reeves had not performed all of the services required to be performed by him in a timely manner and that these delays caused construction cost increases in an amount which Watkins was unable at that time to determine. Watkins further alleged that Reeves failed to perform all of the requirements of the contract, specifically failing to obtain approval of the project by the Lower South Platte Natural Resources District. The contract, however, makes no provision for the work to be done at a specific time, nor does it require the architect to obtain the approval of the Lower South Platte Natural Resources District.

Based in part upon the facts determined between the parties in the mechanic's lien foreclosure and in part on Watkins' admission that he had paid to Reeves the sum of $36,043.85, Reeves filed a motion for summary judgment in the municipal court. The municipal court granted the motion for summary judgment

and Watkins appealed to the District Court. After consideration of the matter, the District Court affirmed the judgment of the municipal court. It is from this order by the District Court for Lancaster County, Nebraska, that Watkins appeals, maintaining that the trial court erred in sustaining the motion for summary judgment.

Specifically, Watkins assigns as error the fact that the court could not and should not have found that Watkins was collaterally estopped from objecting to the validity of the contract by virtue of the decree of foreclosure which related only to "work actually performed" by Reeves and did not decide any issues regarding the validity of the contract and the rights of the parties as to termination charges. Watkins further maintains that the trial court erred in sustaining the motion for summary judgment as there were genuine issues of fact which could not be decided by a motion for summary judgment, though, in his assignment of error, he does not set out what those genuine issues of fact are.

We turn first to Watkins' contention that the findings made by the trial court in the mechanic's lien foreclosure brought by Reeves did not collaterally estop Watkins from denying the enforceability of the contract, including the provisions of Article 8.3.

We believe that Watkins' position is taken by him because he does not fully appreciate the significance of the mechanic's lien foreclosure. Mechanic's liens are purely creatures of statute, and in Nebraska are governed by the provisions of Neb. Rev. Stat. §§ 52-101 et seq. (Reissue 1978). For one to be entitled to a mechanic's lien under the act, the person claiming the lien must perform labor or furnish material "by virtue of an open running account or a contract or agreement, expressed or implied, with the owner thereof or his agents." § 52-101. *Barry v. Barry*, 147 Neb. 1067, 26 N.W.2d 1 (1947). It is clear, therefore, that before one may claim a mechanic's lien, one

must have a contract, expressed or implied. In this case, the mechanic's lien was claimed by virtue of an express, executed contract. Watkins makes some contention that the mechanic's lien foreclosure established only that Reeves had performed work for which he was entitled to recover. Watkins asserts that neither the existence of the written contract nor its validity was determined by the earlier foreclosure action. That, of course, cannot be. Nebraska has traditionally refused to permit one to sue on an expressed contract and recover on an implied contract. We have, on more than one occasion, said that a party cannot recover upon a quantum meruit where he pleads and relies during the trial solely upon an expressed contract. See, 17A C.J.S. *Contracts* § 569a (1963); *Lincoln Service & Supply, Inc. v. Lorenzen*, 171 Neb. 671, 107 N.W.2d 333 (1961); *Starbird v. McShane Timber Co.*, 94 Neb. 79, 142 N.W. 683 (1913); *Dorrington v. Powell*, 52 Neb. 440, 72 N.W. 587 (1897); *Mayer v. Ver Bryck*, 46 Neb. 221, 64 N.W. 691 (1895); *Powder River Live Stock Co. v. Lamb*, 38 Neb. 339, 56 N.W. 1019 (1893). There is no way, therefore, that we could reach any other conclusion except to find that the judgment in the mechanic's lien foreclosure was based upon the trial court's finding that the contract between Watkins and Reeves, attached to the mechanic's lien and sued upon later in the municipal court, was a validly executed document enforceable between Watkins and Reeves.

Moreover, the fact that the court permitted the mechanic's lien to be foreclosed establishes that Reeves proved that he had "performed all of the duties imposed upon him under the terms of the contract," as alleged in his cross-petition in the mechanic's lien foreclosure action. That is so because the general rule is to the effect that "[a] contractor cannot successfully assert a mechanic's lien upon the property where there has been only part performance or a lack of substantial performance of the contract." See, 53 Am.

Jur. 2d *Mechanics' Liens* § 51 (1970); *Bonsall v. Sterrett*, 197 Neb. 753, 250 N.W.2d 910 (1977); *Lincoln Stone & Supply Co. v. Ludwig*, 94 Neb. 722, 144 N.W. 782 (1913); *Hahn v. Bonacum*, 76 Neb. 837, 107 N.W. 1001 (1906). Furthermore, it was incumbent upon Watkins to raise the invalidity or nonperformance of the contract in the mechanic's lien foreclosure. "Objections which go to the validity or existence of the lien or the debt on which it is based may be set up in defense to an action to enforce the lien." 57 C.J.S. *Mechanics' Liens* § 273 (1948). Damages for the lienholder's default in performance under the contract giving rise to the debt and lien may be set up to defeat the lien or to reduce the amount collected under it. See 57 C.J.S. *Mechanics' Liens* § 277 (1948).

We must therefore conclude that following the trial in the District Court involving the mechanic's lien, the trial court found, as a part of foreclosing Reeves' mechanic's lien, that Watkins and Reeves had entered into the written contract pleaded; that Reeves had substantially performed all of the duties imposed upon him under the contract; and that Watkins had no defense to invalidate the agreement. Those findings between these two parties may not again be litigated under the doctrine of collateral estoppel.

In *Johnson v. Marsh*, 146 Neb. 257, 19 N.W.2d 366 (1945), we held that where cases are interwoven and interdependent and the controversy involved has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action.

Furthermore, in *Peterson v. The Nebraska Nat. Gas Co.*, 204 Neb. 136, 139, 281 N.W.2d 525, 527 (1979), we said: "Generally, mutuality of estoppel is no longer considered to be a requirement for the application of collateral estoppel. It is now generally held that

collateral estoppel may be applied if the identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the rule is to be applied was a party or in privity with the party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior action." The issue of the validity of the contract and its enforceability, having been determined in the mechanic's lien foreclosure, is no longer open to debate in the action in the municipal court.

The mere fact that Watkins maintains that a trial may disclose some genuine issue of fact is not sufficient to prevent the court from entering summary judgment. In *French v. Cornwell,* 202 Neb. 569, 575, 276 N.W.2d 216, 220 (1979), we said: "'The primary purpose of the summary judgment statute is to pierce sham pleadings and to dispose of, without the necessity and expense and delay of trial, those cases where there is no genuine claim or defense. Properly used it can accomplish that purpose.'" And in *Watters v. Foreman,* 204 Neb. 670, 677, 284 N.W.2d 850, 854 (1979), we said: "Where there exists no genuine issue of a material fact and a litigant is entitled to judgment as a matter of law, it is error for the trial court to overrule the litigant's motion for summary judgment."

Based upon the pleadings and the affidavits of the parties as presented to us, we are unable to discern any genuine issue of fact and believe that Reeves is entitled to judgment as a matter of law. We therefore must conclude, as the trial court concluded, that Reeves was entitled to summary judgment. The trial court, therefore, was correct in affirming the municipal court's action granting the motion for summary judgment in favor of Reeves and against Watkins. The judgment is affirmed.

AFFIRMED.

RICHLING, District Judge, concurs in result.