CONRAD W. SMITH ET AL., APPELLEES, V. CENTRAL INVESTMENT CO., LTD., A NEBRASKA LIMITED PARTNERSHIP, ET AL., APPELLANTS.

358 N.W.2d 772

Filed December 7, 1984. No. 83-412.

Dixon G. Adams, for appellants.

Dennis J. Mullin of Breeling, Welling, Place & Steier, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiffs brought suit to foreclose a mechanic's lien for "extra" carpentry done on a residence in Bellevue, Nebraska, owned by C. Clifton Nelsen and Dianne E. Nelsen. On April 7, 1983, plaintiffs recovered judgment against defendants for the full amount of their claim, $7,710.75 plus prejudgment interest from September 30, 1981. Defendants appeal, claiming the judgment is excessive and the allowance of prejudgment interest is contrary to law.

Plaintiffs were acting as a joint venture of C. W. Smith Construction, a partnership of Conrad W. Smith and Rollin Alley, and Steve Rewolinski, doing business as Rewolinski Construction. In June 1981 they agreed in writing with Nelsen to frame a new residence for $14,179.66; this contract was fully performed about September 15, 1981, and plaintiffs were paid in full.

The parties orally agreed that any extra work done by plaintiffs would be paid at the rate of $15 per hour plus 15 percent profit, or $17.25 per hour. This suit involves 447 hours of extra work that plaintiffs claim was performed as agreed between June 22 and September 25, 1981, either at Nelsen's request or with his knowledge. Nelsen refused to pay the $7,710.75 claim on the basis of overcharged hours, a mechanic's lien was filed, and this suit followed.

" 'It is well recognized that, as a general rule, every contract for work or services includes an implied duty to perform the work or services skillfully, carefully, *diligently*, and in a workmanlike manner.' " (Emphasis supplied.) *Smith v. Erftmier*, 210 Neb. 486, 490-91, 315 N.W.2d 445, 449 (1982).

The trial court entered judgment on the theories of

quasi-contract and unjust enrichment. Plaintiffs on appeal claim that recovery was in quantum meruit, which theory is not supported in the record. "[A] party cannot recover upon a quantum meruit where he pleads and relies during the trial solely upon an expressed contract." *Reeves v. Watkins*, 208 Neb. 804, 809, 305 N.W.2d 815, 819 (1981). The petition states a cause of action for an oral contract to perform services at an agreed price of $17.25 per hour. There is no issue either that some work was performed or of its workmanlike quality. This reduced the main issue and plaintiffs' burden to prove the extra work hours that were necessary and diligently performed. As we discuss later, plaintiffs did not maintain regular and complete time records for all extra work claimed; they did offer corroborating evidence. Both parties offered evidence as to the reasonableness of the disputed hours.

An action to foreclose a mechanic's lien is equitable in nature, and we review it de novo. *O'Keefe Elevator v. Second Ave. Properties*, 216 Neb. 170, 343 N.W.2d 54 (1984).

The extra work is listed in the recorded lien as 41 items with assigned dollar charges; at trial these charges were translated into hours by using the base hourly wage. Alley kept the daily time records for plaintiffs, but not always on a daily basis. At the beginning he noted extra worktime in these records, and Nelsen approved them by initials. The last approved extra work was August 24. Alley could not explain the discontinuance of that procedure. For convenience we have assembled and consider the items in four categories.

First, there are 20 items approved by Nelsen, totaling 57 hours after deducting 4 hours for error in overbilling.

Second, there are six items for door siding, kitchen soffit, skylight, deck post, front entry, and moving a wall, totaling 48 hours that are supported in the evidence as proven time charges.

Third, and the main area of disagreement, is the claim for 190 extra hours to apply lap siding or 1- by 8-inch board siding as a substitute for the plywood siding provided for in the contract. All parties and witnesses agree that board siding requires more time and skill than plywood. There is a wide range of testimony concerning this item. Plaintiffs testified that in their original contract they allotted 220 hours to apply the

plywood and that their claim of 190 added hours is fair and reasonable, although it is not supported by any specific time records. Their time record book bears the notation "Siding" in the margin for the weeks beginning August 17, 24, and 31; however, there is no approval by Nelsen, although during the week of August 24, he did approve other extra work items. Plaintiffs could not explain the lack of any supporting record for the 190 hours. Their expert witnesses estimated board siding required twice as much time as plywood.

Defendants' experts were Francis Biskup, registered architect and member of the firm of Boyer, Biskup & Associates, Omaha, Nebraska, which prepared the house plans, and Robert Engel, registered architect employed by the Boyer firm. Biskup testified that board siding required about one-third more time to apply than plywood. Engel, who visited the site, was of the opinion that it would take 154 hours to apply plywood and one-third more time to apply board siding. Dwayne Holsteen, a contractor with 22 years of house building experience, testified for defendants; he had examined the site. It was his opinion that it would take 49 extra hours to apply board siding and that $136\frac{1}{2}$ hours was a reasonable estimate to perform all of the extras.

Fourth are 14 items, included as a group, totaling 135 hours. The record is not clear as to the times of performance and the amount of time expended on several items. Alley and Rewolinski say that they were all performed after the original contract was finished and during the last week; this is disputed by Nelsen, who observed some of the work being done previously. No records were kept as to the time spent on any item. The time records show that there were only 124 hours of work performed in the last week after they claimed the original contract was finished on September 15. Rewolinski testified that he and Alley got together about 4 days after the work was finished and "sort of wrote them down on a little scratch pad. . . . [W]e just didn't bother to itemize each one exact for hours, but we . . . knew that we spent a certain amount of time on each one." Alley testified that they "lumped them together" and estimated the time they worked on them, dependent upon the type of work involved. Included was an item of 18 hours to

help other trades or contractors, which does not find support in the evidence.

Nelsen acted as his own contractor in constructing the house. He had built about 30 other homes in the Omaha vicinity. After discussing all of the 41 items, it was his opinion that 172 hours would be reasonable for all of the extra hours.

From the record and the evidence, we conclude that, pursuant to the oral contract, plaintiffs performed 298 hours of extra work on the house, for which $5,140.50 is owing from defendants to plaintiffs.

Lastly, we agree with defendants that the allowance of prejudgment interest was contrary to law, and error. There is no evidence that plaintiffs' claim was liquidated.

> It is the rule in this jurisdiction that prejudgment interest is allowable only where the amount of the claim is liquidated; conversely, where reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such a recovery, the claim is considered to be unliquidated and prejudgment interest is not allowed.

*Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 289, 329 N.W.2d 97, 101 (1983).

Plaintiffs shall have judgment against defendants for $5,140.50.

AFFIRMED AS MODIFIED, AND CAUSE
REMANDED WITH DIRECTIONS.