JOHN A. CREIGHTON, ADMINISTRATOR OF THE ESTATE OF EDWARD CREIGHTON, PLAINTIFF IN ERROR, v. J. L. NEWTON, G. W. FORBES, AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice**: MOTION FOR NEW TRIAL.    To obtain the review of a case in the supreme court, a party dissatisfied with either the verdict or judgment in such case, must file the proper motion and in this way present the questions of law fairly and fully to the court below.

2. **Pleading**: REPLEVIN.    Under the statute, upon a plea of general denial, in actions of replevin, the defendant may have affirmative relief in damages.

ERROR from the district court of Douglas county. Tried below before LAKE, CH. J.

*C. A. Baldwin* and *E. Wakeley*, for plaintiff in error.

*George W. Doane*, for defendants in error.

GANTT, J.

This is an action of replevin, brought by plaintiff in error against the defendants. Defendant Forbes, pleaded a general denial, and defendant J. L. Newton pleaded specially. The verdict of the jury is, substantially, that the plaintiff was entitled to the property, subject, however, to a lien thereon by defendant Forbes, and the jury found the amount of the lien to be $546.35. No motion was filed by the plaintiff in respect to the verdict or judgment, in the court below; but, after judgment was rendered, he excepted to the judgment in favor of defendant Forbes, for the amount of his lien on the property. This exception certainly goes to the finding of the jury as being either irregular or void, or as not being supported by the evidence; but the record contains no evidence in the case, preserved by a bill of exceptions. In *Singleton v. Boyle*, 4 Neb., 415, it is said that "the findings and judgment of a court of record will always be presumed to rest upon sufficient evidence, unless the contrary be clearly shown from the record."

The rule is well settled that "before a party is entitled to be heard in this court, he must have exhausted his remedy in the court below." If he is dissatisfied with the verdict or judgment, he must by motion present the questions of law fairly and fully to the court below, and as no such course has been taken by the plaintiff in the court below, the judgment must be affirmed. *The Midland Pacific R. R. Co. v. McCartney*, 1 Neb., 404. *Mills*

*v. Miller*, 2 Neb., 299.  *Cropsey v. Wiggenhorn*, 3 Neb., 108.

It may, however, in answer to the main question raised in the case, be observed, that under the statute upon the plea of a general denial, in an action of replevin, the defendant may have such affirmative relief in damages as may be right and proper under the evidence, and therefore it is unnecessary to amend the answer of defendant Forbes.  *School District v. Shoemaker, ante,* p. 36.

JUDGMENT AFFIRMED.