## J. J. IMHOFF v. JACOB E. HOUSE.

FILED JANUARY 3, 1893.    No. 4889.

</div>

1. **Allegata et Probata.**   A party is not allowed to allege in his petition one cause of action and prove another upon the trial. The *allegata* and *probata* must agree.

2. **Sufficiency of Evidence in Action for Services Rendered.**   The evidence in the case *held* insufficient to support the verdict.

ERROR from the district court of Douglas county.    Tried below before DAVIS, J.

*F. I. Foss*, and *Hall, McCulloch & English*, for plaintiff in error.

*Winfield S. Strawn, contra.*

NORVAL, J.

This action was brought by defendant in error against Frank I. Foss and J. J. Imhoff. There was no service of summons upon Foss, and upon a trial to a jury a verdict was rendered against Imhoff alone for $800. A motion for a new trial was made and overruled, and judgment was rendered against him for the amount assessed by the jury, with costs of suit.

The cause of action set up in the petition was not established on the trial. It is charged in the petition substantially that House is a civil engineer and was employed by Foss and Imhoff in 1887 to make a survey of the Lincoln Belt Line railway; that in pursuance of said contract of employment he entered upon said work, furnishing the necessary assistance therefor; that he devoted, by self and assistants, four months' time to said employment, and that the same was reasonably worth $200 per month, no part of which has been paid.

It will be noticed that the petition does not charge that there was any contract or agreed price plaintiff was to receive for his services, but he seeks to recover on a *quantum meruit* for the reasonable value of the services rendered. No testimony is to be found in the record as to their value, but the undisputed evidence establishes that prior to the commencement of the work it was definitely agreed that plaintiff should receive $20 per day. The proof does not conform to the allegations of the petition. A party cannot allege one state of facts and prove another. The *allegata* and *probata* must agree.

If the variance between the pleading and proofs was the only objection to the verdict and judgment we might permit the plaintiff to amend his petition to conform to the proofs, inasmuch as no objection was made on the trial to the introduction of the testimony on that branch of the case. But there is another reason why the verdict cannot

stand.   The clear preponderance of the evidence shows that the plaintiff did not contract with or perform the work for Mr. Imhoff personally.   It is undisputed that prior to the making of the contract a company had been formed known as the Lincoln Belt Railway Company, which had a board of directors ; Mr. Foss was vice president of the company and Mr. Imhoff was general manager thereof.   The latter was authorized by the board of directors to employ some one to make a preliminary survey of the line of its proposed road.   Of all these facts Imhoff and Foss both testify that the plaintiff House was informed before the contract of hiring was entered into, and he failed to deny it. Foss and Imhoff, as such officers of the company, employed House, not on their own account, but on behalf of the company.   By the terms of the engagement the plaintiff was to hire the necessary assistants to do the work in the field, and he was to superintend the same, make all maps and profiles, as well as estimates of the costs of building the road.   This was done as agreed.   It appears that the actual work of making the surveys was performed in about a month by an engineer and assistants sent by plaintiff, who were subsequently paid for their services by said company. It is also undisputed that after plaintiff had completed his part of the work he made out and presented a bill to the Lincoln Belt Railway Company for his services and repeatedly urged its payment.   The board of directors objected to the bill as being unreasonable and directed the secretary of the company to correspond with plaintiff with reference to the same for the purpose of procuring a reduction of the bill.   The record shows that numerous letters passed between the secretary and Mr. House, without any adjustment of the claim being effected.   Finally plaintiff brought this suit without ever having presented a bill to Imhoff personally for his services.   The conclusion is irresistible, from the facts proved, that the plaintiff was employed by and the work was performed for the Lin-

coln Belt Railway Company and that the jury were not justified in rendering a verdict against the plaintiff in error. The judgment is reversed and the cause remanded for further proceedings.

<div align="center">REVERSED AND REMANDED.</div>

THE other judges concur.