MINNEAPOLIS HARVESTER WORKS v. GUSTAVE KAESSNER.

FILED SEPTEMBER 18, 1894.   No. 5835.

Usury. The evidence examined, and *held* insufficient to sustain the verdict.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*Silas Cobb*, for plaintiff in error.

*John P. Davis,* contra.

HARRISON, J.

Defendant in error commenced an action in the district court of Douglas county, against the Minneapolis Harvester Works and Silas Cobb, alleging in his petition as cause of action: "That on the 15th day of December, 1887, plaintiff made and executed to the defendant corporation a certain promissory note for the sum of one thousand and thirty dollars ($1,030), to be due and payable on the 10th day of June, 1888, which said note was for a consideration of nine hundred and ten dollars ($910) and was usurious to the extent of the remaining one hundred and twenty dollars ($120)." The petition further states that, as collateral security for the payment of the $1,030 note, Kaessner delivered to the company a number of notes of other parties belonging to him, and on the 16th day of October, 1889, paid to the company the sum of $250 to apply on the note for $1,030; that the plaintiff in error collected of the collaterals the sum of $775.65, which, together with the $250, amounted to the sum of $1,025.65, or $115.65 of a surplus or overpayment of the $910, which, deducting the usurious portion of the $1,030, *i. e.* $120, was the true amount due on said note; that there remained of the collaterals in the hands of plaintiff in error notes aggregating the sum of $325, to which, by the payment of the amount due on the $1,030 note, or $910, Kaessner became entitled. He alleges a demand for the remaining notes of the collaterals, a refusal to deliver them to him, their conversion, and asks judgment for the $115.65, overpayment on the note, and $325, alleged value of the converted collaterals. To this the answer was: "The defendant admits that the note mentioned in the petition was executed for $1,030, due and payable at the time

therein alleged, and denies that said note is usurious to the extent of $120, or any other amount;" an admission of the payment of the $250, but a statement that it was not to be credited upon the $1,030, unless Kaessner performed certain conditions (particularly stated in the answer, but not necessary here); the non-performance of the conditions and the crediting of the $250 on an account then existing between the parties; an admission of the collection of the amount of $775.65 from the collateral notes, and a denial of the allegation of the petition in regard to the value of the uncollected collateral notes and a denial of their conversion; a claim of a balance yet due plaintiff in error on the $1,030 note, and a further allegation of a claim of amount due on account in the sum of $65.88, and $16 and interest, and $120, and accrued interest on promissory notes described in the answer, signed by Kaessner and in favor of plaintiff in error. The answer concludes with a prayer for judgment against Kaessner in the sum of $456.21 and interest, etc. Kaessner filed a reply, in which all new matter contained in the answer was denied except the allegation of the execution and delivery by him to plaintiff in error of the notes of $16 and $120, which it admitted, but stated that they were obtained through the fraud and misrepresentation of its general agent and were without consideration, or that the consideration therefor had failed, and a further allegation of labor and material performed and furnished by Kaessner for plaintiff in error during the years 1888 and 1889, in and about the repairing of sixteen machines, of the alleged worth and value of $160. There was a trial and verdict by the jury in favor of Kaessner in the sum of $521.11. Motion for new trial was argued and overruled and judgment rendered in accordance with the verdict for Kaessner, and the case was removed to this court for review by petition in error on behalf of the Minneapolis Harvester Works.

The only assignment of error we will notice is, that the

verdict was not sustained by sufficient evidence.    Mr. Kaessner's claim or action is based upon the allegation that $120 of the amount of the $1,030 note was usurious or illegal interest, and that when he had paid the amount ($910) remaining after deducting the $120 from $1,030, the face of the note, he was entitled to the return of the collateral notes which were still in the hands of plaintiff in error uncollected.    An examination of the testimony discloses that there is a total failure of proof on the subject of usury.    There is nothing in the evidence which tends in the least to show that the $120, or any portion of the $1,030, was interest, either legal or illegal, on this sum or any part of it, or any other sum.    The most that can be said of the evidence is that it tends to show that there was $120 of the $1,030 which was made a part of the amount of the note without any consideration therefor.    Mr. Kaessner says of it in one portion of his testimony as follows:

Q. What was this $120 difference between the $910 and $1,030 for?

A. It was for forfeiture of overdue payments.

And in another place, during cross-examination, states:

Q. You stated that there was $120 in this note that you do not owe?

A. Yes, sir.

Q. Why then did you execute a note for an amount that you didn't owe?

A. I did the year before, and I got my note.

The Court: You are asked to state why you did it.

A. It was their custom.    They requested me to do so.

Mr. Cobb: How do you know it was their custom?

A. I done it the year before.

Q. You did that because it was their custom, did you?

A. Yes; that is what I did.

Q. You executed a note for $120 more than you were indebted to them simply because it was their custom to

have it done that way, and that is the only reason you can give?

A. That is the way we done it.

Q. Is that the only reason you executed a note for $120 more than you owed?

A. That is all.

There is nothing in this which shows the taking of illegal interest or contracting for it. A failure to prove that the $120 was a usurious amount as pleaded in the petition left the amount of the note as expressed by its terms, $1,030, and the payments made were insufficient to extinguish the indebtedness and entitle Kaessner to the collateral notes. It follows that the evidence is not sufficient to sustain the verdict and the judgment must be reversed. If it be claimed that, notwithstanding the proof on behalf of Kaessner was not sufficient to establish that the $120 of the $1,030 consideration of the note was usurious, yet it did tend to establish that the amount of the note should have been $910, it will not cure the error or assist us, as we must then apply the rule that a party is not allowed to allege in his petition one cause of action and prove another upon trial. (*Imhoff v. House*, 36 Neb., 28.)

There are some other points argued in the briefs in reference to other branches of the case, but as the case must be returned to the lower court for another trial, we will not discuss them at this time.

REVERSED AND REMANDED.