### JAMES J. OLSEN v. JOSEPH R. COLLINS.

FILED FEBRUARY 8, 1906. No. 14,125.

Action on Contract: EVIDENCE. In an action for damages on account of an alleged breach of contract, evidence is admissible under a general denial to show that, in fact, no contract existed.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*John H. Barry,* for plaintiff in error.

*Simpson & Good, contra.*

JACKSON, C.

Plaintiff in error sued for damages on account of the breach of an alleged contract for the purchase of a quantity of potatoes. The answer was a general denial. In the trial court a jury was waived and the case heard before the court, resulting in judgment for the defendant.

The chief complaint of the plaintiff in error is that, over his objections, evidence was admitted for the purpose of proving that the conversation relied upon by him as constituting the contract was had in jest, and therefore not binding upon the parties. This contention cannot be sustained. The denial put the existence of a contract in issue, and under the denial it was competent for the defendant to prove any facts tending to show that no contract was ever made.

The only remaining question is as to the sufficiency of the evidence to sustain the judgment. The court found that no contract was ever entered into between the parties. There is competent evidence in the record tending to show that plaintiff in error in the year 1903 raised a crop of potatoes near the town of Colon, in Saunders county. The defendant is a hardware merchant at that village, and his place of business appears to have been a convenient resort in the evening for residents of the village. On an October evening of the year stated the plaintiff visited this store in company with others, and his potato crop afforded the theme of conversation for the evening. He was the recipient of much friendly advice relative to the care of his crop, and finally the defendant bantered him by offering him a dollar a bushel for the potatoes, and handed him a dollar as an evidence of good faith. The witnesses, as they usually do in such matters, disagreed as to whether the offer was in jest or not, but the circumstances tend to corroborate the defendant and his witnesses in the claim of jest. The defendant is a single man, not engaged in the business of handling vegetables and without use for them.

There is evidence to sustain the finding of the trial court, and we recommend that the judgment be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.