CHRIS SORENSON, APPELLEE, v. ERWIN TOWNSEND, APPELLANT.

FILED NOVEMBER 10, 1906. No. 14,473.

1. **Contract:** ACTION: GENERAL DENIAL. In an action on an express contract the defendant may show under a general denial that the contract differed in terms from that pleaded, or that no contract was in fact made.

2. **Trial:** INSTRUCTIONS. Where the evidence adduced by the defendant tends to establish a particular theory, which, if established, constitutes a defense, he has a right to have such theory submitted to the jury.

APPEAL from the district court for Brown county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*P. D. McAndrew* and *Kirkpatrick & Schwind,* for appellant.

*A. W. Scattergood* and *L. K. Alder, contra.*

ALBERT, C.

The plaintiff (appellee) brought this suit to recover the remainder due on an alleged express contract of service. He alleges in his petition that in November, 1902, he entered into an oral contract with the defendants, whereby the defendants agreed to pay him the sum of $60 for the service of himself and team; that under and by virtue of said contract the plaintiff served the defendants, by himself and team, from the 15th day of November, 1902, to the 10th day of June, 1903, and duly performed all his part of the said contract. But one of the defendants answered, and his answer is as follows:. "Comes now the defendant, Erwin Townsend, and answering plaintiff's petition for himself, and no one else, says: (1) That he admits that he and defendant, Melvin Hagerman, were in partnership running a dray line in Fairfax, S. D., in the year 1902, and that they hired the plaintiff to work for them on their said dray line with his horses and wagon, and that plaintiff did work for them on said dray line during a part of each of the months set forth in plaintiff's petition, and that the said firm bought a lumber wagon of the defendant. (2) This defendant, further answering plaintiff's petition, says and alleges the facts to be that the said firm engaged and contracted with the plaintiff to work for them on their said dray line for the agreed sum of $40 a month, and furnish board and lodging for himself and team, and that said firm fully complied with their part of the said contract in all particulars, and paid the plaintiff in full for said wagon and for all the said work and labor that the plaintiff performed for said firm, and fully settled with the plaintiff, and this defendant denies that there is any sum whatsoever due

the plaintiff thereon.    (3) Further answering plaintiff's petition, this defendant says he denies each and every material allegation in plaintiff's petition not herein specifically admitted, and denies that said firm of Townsend & Hagerman contracted with or agreed to pay the plaintiff for the services of himself and team on said dray line the sum of $60 a month, and denies that plaintiff worked and labored for said firm during all the time specified in plaintiff's petition." The jury were instructed on the theory that a reply in the nature of a general denial had been filed to the defendant's answer, but it does not appear in the record.    The cause appears to have been submitted on the theory that the other defendant was not in court, and as no question is raised in that regard further reference to him is unnecessary.    The plaintiff introduced evidence tending to establish the allegations of his petition and made a *prima facie* case. The answering defendant was sworn as a witness, and from his testimony it would seem that the negotiations between the plaintiff and the defendants were conducted by him. He testified, in effect, that in his first conversation with the plaintiff with respect to entering the employment of the defendants he informed the plaintiff that they could not pay him more than $40 a month; the plaintiff insisted on $60 for the first month, whereupon the defendants informed him that they would give $60 for the first month, and $40 a month afterwards, and it was agreed between them that the plaintiff would enter their employment on those terms; that plaintiff did not proceed under this agreement, but before commencing to work for the defendants made a new contract with them, whereby it was agreed that the plaintiff should work for the defendants one month for $60, no reference being made to his employment or the wages he should receive after that time; that plaintiff entered their employment with that understanding, and at the expiration of one month the answering defendant informed him that they could not pay him $60 a month thereafter, but would pay him $40

a month, to which the plaintiff replied, "All right," and continued to work for them. The court instructed the jury that they should wholly disregard the testimony with respect to the agreement entered into between the parties at the end of the first month for the reason that no new contract was pleaded. . The defendant excepted to this instruction, and now asks a reversal of the judgment on the ground that this instruction was erroneous.

We think the instruction is erroneous. The plaintiff declared on an express contract. The contract is, in effect, that the plaintiff undertook to work for the defendants for an indefinite length of time for $60 a month, and that in pursuance thereof he worked for them a certain length of time. The burden was upon him to establish those facts. When he had made a *prima facie* case it was perfectly competent for the defendant to overcome it by showing that the contract, instead of being for an indefinite period, was for a period of one month, and that the services rendered after the expiration of that month were rendered under a new contract whereby the plaintiff, instead of receiving $60 a month, was to receive $40. This evidence was competent under defendant's general denial, because it is well settled that in an action upon a contract the defendant may show under a general denial that the contract was a different one from that set out in the petition, or that no contract at all was made. 1 Ency. Pl. & Pr. 818.

It would seem that in giving the instruction in question the trial court proceeded on the theory that the defendant's evidence tended to show a modification of an existing contract, but we do not think that is a correct theory of the defense. The defendant's evidence tends to show, not a modification of the contract, but that after the original contract had by its own terms expired the plaintiff continued in the employment of the defendants by virtue of a new contract whereby he was to receive $40 a month. This appears to have been one theory of the defense, and as there was evidence tending to establish it the

defendant had a right to have it submitted to the jury. That theory is covered by a general denial, hence, the fact that it does not strictly conform to the contract set out in the answer does not render the evidence inadmissible nor warrant its exclusion from the jury. The evidence was admitted without objection and tends to negative the plaintiff's cause of action. Its exclusion, we think, constitutes reversible error.

Another complaint is that the court erred in permitting the plaintiff to testify to the contents of a certain letter written to him offering him employment, and stating the terms upon which the defendants would employ him. The contention now is that this letter was not acted on, but that the parties subsequently entered into new negotiations, which were all merged in the oral contract finally entered into between them. There is testimony tending to show that the letter was the basis of the negotiations between the parties and that the offer therein made was never withdrawn. Consequently, we think there was no error in the admission of this evidence.

Another complaint is that the court permitted the plaintiff to testify that at or about the time he quit work for the defendants they were financially embarrassed and unable to meet their obligations. This line of testimony was really brought out by defendant. On cross-examination of the plaintiff he laid great stress on the fact that plaintiff had not presented his claim to the defendants for payment before bringing suit, and an explanation of such omission seemed in order. The testimony now complained of is such explanation, and taking into account the nature of the cross-examination, which was of doubtful propriety, we think there was no error in admitting this testimony.

For the errors in the instruction hereinbefore mentioned, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.