UNITED STATES RUBBER COMPANY, APPELLANT, V. EUGENE H. GRIGSBY ET AL., APPELLEES.

FILED JULY 1, 1925. No. 23214.

Pleading: PROOF. The allegations and the proof must agree. A plaintiff may not plead a cause of action on a *quantum meruit* and, over objection, prove a cause of action based on an express contract.

APPEAL from the district court for Frontier county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Latham & Schroeder,* for appellant.

*Cordeal & Colfer, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and EVANS, JJ., and REDICK, District Judge.

DEAN, J.

Plaintiff brought this action, in the district court for Frontier county, to recover $372.35 from the defendant partnership for "the reasonable prices and value" of three "Sawyer endless belts" which, it is alleged, plaintiff sold and delivered to the partnership. Plaintiff was nonsuited and has appealed.

The defendant partnership is engaged in the retail hardware business at Maywood and from time to time purchased goods from plaintiff. Some time in 1918, or 1919, one of plaintiff's salesmen called at defendant's place of business and solicited and, according to the salesman's evidence, obtained an order for the goods in question. It is alleged that the order was taken in October, and that it was agreed by the parties that the goods were to be shipped and delivered June 1 following. An unsigned memorandum, showing the shipment, is in the record. Whether the order was obtained in 1918 or 1919 is in dispute, but, in view of other facts in the record and in view of our disposition of the action, we do not find it necessary to decide this disputed point.

The receipt of the goods is not denied, but it is defendant's contention that no order was given to plaintiff's salesman, and that the belting was shipped without an express order or, at least, under a misunderstanding on plaintiff's part. Anyhow, there is evidence tending to prove that the defendant partnership notified plaintiff in apt time, and promptly informed it that the goods were not ordered and were held subject to be returned to plaintiff on request at any time. And defendant so holds the goods now. ·

United States Rubber Co. v. Grigsby.

In its petition plaintiff alleges that the prices charged "are the reasonable prices and value thereof, and said goods are of the aggregate value of $372.35, no part of which has been paid," and for which it prays for judgment, with interest, and so on. And in its brief plaintiff argues that "the petition is not based on an express contract, but on *quantum meruit*," and that the action is brought "for the reasonable value of the goods, and not on any contract within the statute of frauds." Plaintiff's argument, as disclosed by its brief is, in short, that his "petition is based on the theory of reasonable value, and not on any particular contract."

In respect of the nature of the action, the parties appear to be in entire accord; defendant's argument, in substance, being that the court directed a verdict for the defendant partnership "for the reason the plaintiff sought to recover on a *quantum meruit*." Defendant, then, in support, of the judgment of dismissal, contends that "the only evidence offered tended to sustain an express contract." And, without needless discussion of the evidence, it may be added that the record sustains defendant's contention. Plaintiff's evidence all goes to establish that an express contract had been entered into between the parties, and that it placed its reliance upon such express or special contract for recovery. No evidence in respect of the reasonable value of the goods was submitted by plaintiff. On the contrary, plaintiff's evidence tends to establish a cause of action which is not pleaded in the petition.

It is elementary that the allegations and the proof must agree. A plaintiff may not plead a cause of action on a *quantum meruit,* and, over objection, prove a cause of action based on an express contract. The court did not err in directing a verdict for the defendant partnership.

The judgment is right, and is

AFFIRMED.