WILLIAM CASFORD, APPELLANT, V. CITY OF MCCOOK, APPELLEE.

274 N. W. 464

FILED JULY 9, 1937. No. 30056.

*McNeny & Sprague,* for appellant.

*Wendell P. Cheney* and *Butler & James, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and SPEAR and KROGER, District Judges.

SPEAR, District Judge.

Action for damages by Casford, plaintiff and appellant,

against city of McCook, defendant and appellee, for damages to property arising from the changing of the grade and building of a viaduct across the Burlington railroad in the city of McCook. The new viaduct replaced an old one, but extended some distance farther, thus bringing the approach in proximity to plaintiff's property. Plaintiff's petition alleges that the city of McCook built the viaduct; pleads certain jurisdictional facts; and claims damages. Defendant filed an answer which was in essence a general denial. Plaintiff's reply was also a general denial.

Plaintiff brought witnesses to prove damages and then offered in evidence an ordinance and contract by the terms of which the viaduct was to be constructed by the department of roads and irrigation of the state of Nebraska, as an improvement of the state and federal highway system, and which contract provided that the city should pay the damages to the abutting property owners. This ordinance and contract, upon objection by defendant, was excluded from evidence because it was at variance with plaintiff's petition. At the close of plaintiff's case, the court discharged the jury and dismissed the case. Plaintiff appeals from these rulings, citing four propositions of law, but we think that the only question before this court is whether or not the trial court properly refused to receive the ordinance and contract in evidence. Plaintiff's position is best stated in his brief, as follows: "Plaintiff attempted to introduce the evidence for the purpose of proving the allegation in his petition, 'that the city of McCook constructed the viaduct.' Although the city may not have done the actual physical work, they enacted the necessary ordinance and took the necessary steps to authorize and permit the building of the viaduct and the making of the change of the grade of the streets."

It will be noted that this statement of plaintiff's position goes far beyond the allegation in his petition that "the city of McCook constructed the viaduct." The ordinance and contract go much further. In fact, if these had been received, it would have constituted a new cause of action,

for, instead of an action for the taking of property by constructing the viaduct, it would have been an action based on the contract of the city to pay damages. If plaintiff intended to rely upon this contract, he should have pleaded the same in his petition. While the courts have departed somewhat from the rigor of the old days in matters of pleading, they have not gone so far as to permit a complete departure from the original cause of action. *Livanis v. Northport Irrigation District,* 120 Neb. 314, 232 N. W. 583; on rehearing, 121 Neb. 777, 238 N. W. 757. Plaintiff was represented by experienced and able counsel, who did not see fit to ask to amend plaintiff's petition after the ruling of the court. The petition alleges that the city constructed the viaduct. The exhibits offered would have informed the jury that the city had contracted to pay the damages, thus in fact submitting a new cause of action to the jury without the necessary pleadings to sustain same, without giving defendant an opportunity to attack the same by pleadings, and without giving the trial court an opportunity to pass upon them. It would have constituted one set of facts for the court and another for the jury, with plaintiff pleading one set of facts to satisfy the legal situation for the benefit of the court, and offering to show a different set of facts to supply the jury with evidence upon which to base a verdict. As remarked by the trial judge, these exhibits would be highly prejudicial to the defendant. Counsel for plaintiff chose their own ground and their own weapons and have elected to stand upon the same.

We find no error in the rulings of the district court. All other legal points raised herein become moot. The judgment of the district court is

AFFIRMED.