LINCOLN SERVICE AND SUPPLY, INC., APPELLANT, V. LOUIS LORENZEN, DOING BUSINESS AS LORENZEN FERTILIZER COMPANY, APPELLEE.

107 N. W. 2d 333

Filed February 3, 1961. No. 34877.

*Kenneth H. Dryden,* for appellant.

*Luebs, Elson & Tracy,* for appellee.

WENKE, J.

Lincoln Service and Supply, Inc., a corporation, brought this action in the district court for Buffalo County against Louis Lorenzen, doing business as Lorenzen Fertilizer Company. The purpose of the action is to recover a judgment against the defendant for the contract price of a tank car of nitrogen solution in the sum of $2,510.05. Trial was had to a jury and, upon the issues raised and evidence adduced, it returned a verdict for the defendant. Judgment was entered on the verdict dismissing plaintiff's petition. Plaintiff filed

a motion for new trial and this appeal was taken from the overruling thereof.

Appellant Lincoln Service and Supply, Inc., will be herein referred to as plaintiff; appellee Louis Lorenzen will be herein referred to as defendant; and Allied Chemical and Dye Corporation will be herein referred to as Allied.

Plaintiff did not object to nor, in his motion for new trial, make any complaint about the instructions given by the trial court in submitting the cause to the jury. It has always been the rule of this court that in order to obtain a review of a question in this court, other than one of jurisdiction, the party complaining must have presented the question fairly and fully to the court below. See, Creighton v. Newton, 5 Neb. 100; Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

Plaintiff is a Nebraska corporation with its principal place of business located in Grand Island, Nebraska. It operates under the trade name of Lincoln Pellett Size Fertilizer. Its main business is the manufacturing of chemically combined dry fertilizer but it also acts as a distributor for manufacturers in the nitrogen field, including Allied. Plaintiff had a contract with the Nitrogen Division of Allied to that effect covering a period from July 1, 1957, to June 30, 1958. Defendant had been operating as a dealer in commercial fertilizers of this type in Shelton, Nebraska, since 1956. However, in the fall of 1957, he installed the necessary equipment to become a manufacturer and distributor thereof.

On December 28, 1957, plaintiff, through Jack Richards, its sales supervisor in its Grand Island office, took an order from Don Flory, field representative of Allied, for one 10,000-gallon tank car of Allied 28 percent nitrogen solution to be sent to defendant. Richards thereupon called Ralph Hill, who takes orders for the Nitrogen Division of Allied, and directed him accordingly. Nitrogen Division of Allied thereupon shipped a tank

carload of such fertilizer to defendant which defendant received and placed in his storage tank but for which he refuses to pay plaintiff. Thereafter, on November 6, 1958, plaintiff brought this suit. As a basis for recovery plaintiff alleged that: "* * * on December 28, 1957, this plaintiff under the trade name of Lincoln Pellett Size Fertilizer sold and delivered to defendant herein, at defendant's special instance and request certain goods, wares and merchandise, consisting of a ten thousand gallon tank car of nitrogen solution for the agreed and reasonable value of $2510.05, * * * that demand has been made for the payment of said account on this defendant which said demands have been refused; that plaintiff is entitled to recover from defendant the sum of $2510.05."

Plaintiff offered evidence to the effect that sometime between December 25 and 31, 1957, Don Flory, field representative of Allied, contacted defendant by telephone about filling his (defendant's) storage tank with fertilizer; that defendant agreed to take a tank car of fertilizer if he could get it on a consignment basis as per terms of a distributor's contract (meaning the distributor's contract between plaintiff and Allied); that by such terms it was to be paid for by defendant as he disposed of it but not later than June 15, 1958; that Flory then called Jack Richards, plaintiff's sales supervisor, and advised him of this arrangement; that Richards thereafter contacted Ralph Hill, order taker for Nitrogen Division of Allied, and directed him to send a tank car of nitrogen solution to defendant; that the Nitrogen Division of Allied did so; that the contract price thereof was $47.80 per ton; that defendant received the tank carload of nitrogen solution and put it in his storage tank; that defendant has disposed of all of the nitrogen solution; that demand for payment of the contract price has been made upon defendant; and that defendant has failed and refused to pay the contract price or any part thereof.

Defendant admits that he received the tank carload of nitrogen solution shipped by the Nitrogen Division of Allied for which plaintiff here seeks to recover the contract price and that he has never paid therefor, although demand has been made upon him to do so, but denies ever having ordered it from plaintiff or anyone else but says he received it under an arrangement with Allied for storage and because of that fact does not owe plaintiff therefor. In support of this defense he adduced evidence to the effect that in the early part of December 1957, after he had completed the installation of the equipment hereinbefore referred to, Don Flory, field representative of Allied, Homer Dudley, sales representative of Allied, and Frank Snyder, chemist for Allied, came to his place of business in Shelton; that they approved his storage facilities; that they then discussed with him the proposition of Allied sending out a tank carload of nitrogen solution for storage in his tank; that it was agreed Allied would immediately send him a tank carload of such solution for that purpose; that Allied was to pay him $3 per ton for the storage thereof and for any additional such solution it would distribute through his tanks; that settlement therefor was to be made at the end of the year; that arrangements were made for the payment of such solution if he disposed thereof; that one carload was sent by the Nitrogen Division of Allied under this arrangement; that he received such carload and placed it in his tanks; and that he has never settled with Allied for this carload of nitrogen solution nor has Allied settled with him for the storage thereon.

Without going into further detail, of which there is a great deal, it becomes evident that there is a dispute between the parties as to whether or not plaintiff sold and delivered this nitrogen solution to the defendant at defendant's special instance and request for the agreed price of $2,510.05. The trial court specifically submitted this issue to the jury by its instructions

Nos. 1, 5, and 7. Instruction No. 7 was properly given under our holding in Sorenson v. Townsend, 77 Neb. 499, 109 N. W. 749, to the effect that: "In an action on an express contract the defendant may show under a general denial that the contract differed in terms from that pleaded, or that no contract was in fact made." See, also, Olsen v. Collins, 75 Neb. 749, 106 N. W. 784. On this disputed issue the jury found for defendant.

But plaintiff contends the trial court, when it made a motion for that purpose, should have instructed a verdict for it on the basis that defendant was liable to it under an implied agreement to pay the contract price for the merchandise he had received and that failing to do so resulted in prejudicial error. Howard L. Peterson, manager of plaintiff, was, over objection, permitted to testify that the contract price was the fair and reasonable value of the nitrogen solution.

Here plaintiff's petition alleged an express contract for the purchase of the merchandise shipped, that is, that it was done at defendant's specific instance and request. Evidence was adduced by plaintiff to that effect. No attempt was made to amend the pleadings for the recovery on the basis of an implied agreement. We think the court was correct in submitting the cause to the jury on that basis for we have always held that in order to recover the allegations and the proof must agree. See, Talbott v. City of Lyons, *ante* p. 186, 105 N. W. 2d 918; School Dist. No. 145 v. Robertson, *ante* p. 176, 105 N. W. 2d 735; Casford v. City of McCook, 133 Neb. 191, 274 N. W. 464. As stated in School Dist. No. 145 v. Robertson, *supra:* "In order that a recovery may be had in an action the pleadings and the proof must agree. * * * A party will not be permitted to plead one cause of action and upon the trial rely on proof establishing another. * * *." Consequently a plaintiff may not plead a cause of action on an express agreement and then, over objection, prove and recover on a cause of quantum meruit. See, United States Rubber

Co. v. Grigsby, 113 Neb. 695, 204 N. W. 817; Kirkendall, Jones & Co. v. Davis, 41 Neb. 285, 59 N. W. 915.

Plaintiff contends defendant was permitted to testify, over objection, to negotiations he had with third persons, representatives of Allied, which were not had in the presence of and were had without the knowledge of its representatives. Ordinarily this contention would have merit but here plaintiff adduced evidence to the effect that it was a distributor of Allied, offering in evidence its contract with the Nitrogen Division of Allied to that effect; that Don Flory, field representative of Allied, obtained the order from defendant and they agreed to the terms and conditions thereof; that the terms and conditions thereof related to the distributor's contract which plaintiff had with the Nitrogen Division of Allied; and that the shipment was made pursuant to and under the terms of the order which Flory had taken. Under this situation it was proper for defendant to show all of the facts substantiating his view of the agreement with representatives of Allied, including Flory, under which he claims he consented to the carload of nitrogen being shipped to him by Allied. We find no merit to plaintiff's contention in this respect.

Plaintiff also contends that defendant is estopped to deny he purchased the merchandise for the purchase price of which recovery is here sought. It is true defendant received the merchandise but that does not estop him from showing what he claims to be the basis upon which he received it. See Sorenson v. Townsend, supra. Since that basis, if true, would prevent plaintiff from recovering, the question of which version is true was for the jury and is not one of law for the court.

We find plaintiff has had a fair trial upon the cause of action which it pleaded as a basis for its right to recover and, in support of which, it adduced the evidence that it did. In view thereof we affirm the action of the lower court.

AFFIRMED.