KNOELL CONSTRUCTION COMPANY, INC., APPELLEE, v. JAMES A. HANSON AND MARJORY HANSON, APPELLANTS.

287 N. W. 2d 439

Filed January 15, 1980. No. 42446.

Carlos E. Schaper and John O. Sennett, for appellants.

Steven O. Stumpff of Stumpff & Washburn, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action to foreclose a mechanic's lien for land leveling performed on farmland owned by the defendants. The trial court found that there was $11,267.50 due the plaintiff from the defendants and granted foreclosure. The defendants have appealed.

The amended petition alleged an express oral contract between the plaintiff and the defendants in which the defendants promised to pay $34,267.50 to the plaintiff, of which $23,000 had been paid. The answer denied that the defendants had promised to pay the plaintiff $34,267.50 and alleged that the $23,000 paid to the plaintiff was in full payment of the amount due the plaintiff. The answer further alleged that the plaintiff had agreed to do the work for not more than $20,000, and that the extra $3,000 paid to the plaintiff was to settle the plaintiff's claim that the job required more work than the plaintiff had originally contemplated.

The evidence shows the defendants had purchased a half section of land and planned to install two pivot irrigation systems on the land. The land was rolling and some leveling was required in order for the pivot systems to operate properly. Mark Knoell, an officer of the plaintiff, looked at the property at the defendants' request and estimated the cost of performing the work. The evidence is in sharp conflict as to what the parties agreed to and what the work was to cost.

The plaintiff's evidence tended to show that on or about August 13, 1975, Mark Knoell looked at the land with James Hanson and estimated that the work would cost $20,000. The land was not staked at that time and Mark Knoell assumed that no leveling would be required in the hill area to the north and east of the pivot point on the west quarter. According to Mark Knoell, nothing was said about filling a lagoon on the defendants' property or stockpiling the topsoil for replacement after the leveling had been completed.

After Mark Knoell had looked at the land, James Hanson returned to the plaintiff's office in Broken Bow, Nebraska. Emilian Knoell, the father of Mark Knoell and the president of the plaintiff at that time, testified that he recommended to Hanson that the topsoil be stockpiled and replaced after the leveling had been completed. According to Emilian, he explained to Hanson that replacing the topsoil would cost more money and that Hanson said to go ahead and do it that way.

On cross-examination Mark Knoell admitted that James Hanson did not agree to pay $34,267.50 for the job as alleged by the plaintiff. There was no evidence of an express oral contract as the plaintiff had alleged.

After the plaintiff had rested the defendants moved to dismiss the petition because there was no evidence to sustain the plaintiff's allegation of an express contract. The plaintiff then requested leave to amend the petition to allege a cause of action in quantum meruit. Leave was granted, but the transcript filed in this court does not show how the petition was amended. Although the plaintiff was permitted to introduce evidence of the reasonable value of the work it had performed on the defendants' land, this evidence was received over the objection of the defendants.

It is fundamental that a party cannot plead one

cause of action and then introduce proof to establish another. A party cannot allege an express agreement and then, over objection, prove and recover on a cause of action of quantum meruit. Lincoln Service & Supply, Inc. v. Lorenzen, 171 Neb. 671, 107 N. W. 2d 333. See, also, Imhoff v. House, 36 Neb. 28, 53 N. W. 1032; United States Rubber Co. v. Grigsby, 113 Neb. 695, 204 N. W. 817.

The evidence of reasonable value offered by the plaintiff was not admissible under the pleadings. The defendants were entitled to try the case on the basis of the issues made by the pleadings, and the leave to amend the petition, granted after the plaintiff had rested, was erroneous and prejudicial.

The judgment is reversed and the cause remanded to the District Court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.