KNOELL CONSTRUCTION COMPANY, INC., APPELLANT, V. JAMES A. HANSON ET AL., APPELLEES.

316 N.W.2d 321

Filed February 19, 1982. No. 44423.

Steven O. Stumpff of Stumpff & Washburn for appellant.

Carlos E. Schaper and John O. Sennett for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action for foreclosure of a mechanic's lien. On the first appearance of this case in this court we reversed a judgment for the plaintiff and remanded the case to the District Court for a new trial. Following remand the District Court denied plaintiff's motion to amend the petition to seek recovery on the same basic facts but on the basis of quantum meruit rather than

an express contract. The court then granted the defendants' motion for summary judgment, and the plaintiff has appealed.

In *Knoell Constr. Co., Inc. v. Hanson*, 205 Neb. 311, 287 N.W.2d 439 (1980), this court reversed a judgment for $11,267.50 in favor of the plaintiff and remanded the cause to the District Court for a new trial. The action was to foreclose a mechanic's lien based on land leveling work done on defendants' property. Plaintiff alleged an express contract as the basis for recovery. At the conclusion of plaintiff's evidence, over objection by the defendants, plaintiff requested and was granted leave to amend the petition to allege quantum meruit as the basis for recovery. The court entered judgment for the plaintiff, and the defendants appealed. This court, on appeal, held that at that stage of the proceedings, over objection by the defendants, permission to amend the petition was erroneous and prejudicial. We therefore reversed the judgment and remanded the case for a new trial.

Ordinarily the reversal of a judgment and remand for new trial places the case in the same posture that it was in prior to the trial, except as otherwise directed in the opinion. The amendment was permissible prior to trial and upon remand it was again permissible. The trial court determined that, for purposes of the statute of limitations, recovery on quantum meruit and recovery on an express contract constitute two separate causes of action, even though they are based on the same general facts, and denied the motion to amend.

Alternative theories of recovery on the same general set of facts are not ordinarily separate causes of action for the purposes of the running of a statute of limitations. A cause of action pleaded by amendment ordinarily relates back to the original pleading for limitation purposes, provided that claimant seeks recovery on the same general set of facts. *Abbott v. Abbott*, 185 Neb. 177, 174 N.W.2d 335 (1970); *Kohler v. Ford Motor Co.*, 187 Neb. 428, 191 N.W.2d 601 (1971).

The defendants' reliance on *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 244 N.W.2d 678 (1976), is misplaced. In that case the plaintiff sought to recover on the theory of an express contract and the jury returned a verdict for the defendant. The plaintiff then filed another action to recover on the same set of facts on the theory of quantum meruit. The court sustained a summary judgment for the defendant in the second action based on principles of res judicata. The distinction between that case and the present one is clear cut. In the case at bar the plaintiff obtained a judgment against the defendants which was reversed for errors at trial. Rather than being res judicata in favor of the plaintiff as to the cause of action, the reversal wiped out any res judicata effect and placed the parties in the same position they were in before the trial. It is also obvious that the material facts are still in dispute and summary judgment is unavailable.

The District Court erred in denying plaintiff the right to amend its petition and in granting summary judgment for the defendants.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.