SADALLAH (SAM) BADRAN, APPELLANT, V.
VIRGINIA D. BERTRAND, APPELLEE.

316 N.W.2d 763

Filed March 5, 1981.   No. 44518.

Joseph S. Daly of Sodoro, Daly & Sodoro for appellant.

Kirk E. Naylor, Jr., for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, and HASTINGS, JJ.

PER CURIAM.

The plaintiff, Sadallah (Sam) Badran, brought this action in equity for specific performance of a written agreement to require the defendant, Virginia D. Bertrand, to convey a one-half interest in certain real estate, a residence in which the parties lived, titled in defendant's name. Plaintiff appeals from an order of dismissal entered by the District Court on motion of the defendant made at the close of plaintiff's case. The plaintiff assigns as error simply the court's action "in directing a verdict for the defendant after the 'Memorandum of Understanding' was received into evidence." We affirm.

The petition simply alleged the execution of a "Memorandum of Understanding" entered into by and between the parties which called for the conveyance by the defendant to the plaintiff of a one-half interest in 9958 Devonshire Drive, Omaha, Nebraska, which was then titled in the name of Virginia D. Bertrand. The consideration for this agreement was alleged to be that the plaintiff was "to pay one-half of all of the costs and expenses of said property, including the mortgage payments, insurance, taxes, utilities, maintenance and upkeep," as set forth in the agreement attached to the petition. The petition then alleged the "tendered performance of all of his [plaintiff's] obligations under the 'Memorandum of Understanding' but that the defendant has failed and refused to enter into the agreement referred to in the 'Memorandum of Understanding' and has also refused to execute a deed conveying the subject property to the plaintiff and the defendant as tenants in common." The prayer of

the petition is for specific performance of the "Memorandum of Understanding." The "Memorandum of Understanding" was alleged to have been executed on or about the 24th of August 1978, this action was filed on January 11, 1980, and trial had on May 26 and June 12, 1981.

According to Badran's testimony, the purchase price of the house was $200,000. He stated that the understanding was that he and the defendant would own the house 50-50, although he did not have to put up any money. The plaintiff denied that he was to make any of the monthly mortgage payments on the house, although he lived there from June or July of 1978 until January 7, 1980. These payments amount to approximately $1,600. He claimed that although his signature appeared on the "Memorandum of Understanding," he could not read or write, nor did anyone explain to him what the agreement provided. He specifically disclaimed any obligation on his part to pay one-half of the mortgage payments, the insurance, taxes, utilities, maintenance, or upkeep, all of which were specifically provided for in the "Memorandum of Understanding" upon which he brought this action.

At about the same time as the house purchase, according to the plaintiff's testimony he and the defendant purchased a restaurant for $750,000, which was to be owned jointly by the two parties, although the defendant was to put up all the money and was to and did pay the plaintiff approximately $2,000 per month to help her in her business.

The defendant was called as a witness by the plaintiff. She conceded the existence of the "Memorandum of Understanding" and the general agreement between the parties that Badran was to receive a one-half interest in the house in exchange for his paying one-half of the mortgage payments, taxes, utilities, and upkeep. She denied ever having agreed to give him a one-half interest in the house "free and clear for nothing."

We believe that it is abundantly clear from the record

that by his testimony and other evidence offered in support of his claim, the plaintiff completely repudiated the "Memorandum of Understanding" which formed the basis of the cause of action alleged in his petition. In *Russell v. Zanone*, 55 Tenn. App. 690, 693, 404 S.W.2d 539, 540 (1966), the Tennessee Court of Appeals stated that "proof must correspond with the allegations in the pleadings, and relief cannot be granted upon proof of a case substantially different from the case made in the pleadings." To the same effect is *W. T. Smith Lumber Co. v. Foshee*, 277 Ala. 71, 75, 167 So. 2d 154, 158 (1964): "To authorize relief in equity the allegations and proof must correspond, and no matter how just the demand established by complainant's proof, if it does not harmonize with the allegations of the bill, the complainant is not entitled to relief."

Not only did the plaintiff's proof not correspond to the allegations of his petition, it completely repudiated the claim upon which his action was founded. In our opinion the trial court was correct in ordering the dismissal of plaintiff's petition, and its judgment is affirmed.

AFFIRMED.

CAPORALE, J., not participating.