KUSTOM KREATIONS, LTD., A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. RICHARD M. DUXBURY ET AL., APPELLANTS AND CROSS-APPELLEES.

342 N.W.2d 656

Filed December 30, 1983. No. 82-702.

James W. Hewitt, for appellants.

William E. Langdon of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BRODKEY, J. Retired, and MURPHY, JOHN, D.J.

PER CURIAM.

This was an action brought prior to November 21, 1980, by the plaintiff, Kustom Kreations, Ltd., to foreclose a mechanic's lien which it had filed as a result of the construction of the home of the defendants Richard M. and Ardythe M. Duxbury. The defendant Universal Surety Company is the surety on a bond filed under the provisions of Neb. Rev. Stat. § 52-121 (Reissue 1978), effective at the time, to effect a transfer of the lien from the real estate. Judgment was entered by the district court in favor of the plaintiff in the amount of $7,207.93 on the basis of quantum meruit, and in favor of the Duxburys on their cross-petition for damages in the amount of $4,381.42. Both parties have appealed.

The foreclosure of a mechanic's lien is an action in equity which is heard on appeal in this court de novo on the record, with weight being given to the findings of the trial court when credible evidence is in conflict on material questions of fact. *Nebraska Engineering Co. v. Gerstner*, 212 Neb. 440, 323 N.W.2d 84 (1982); *Ringland-Johnson-Crowley v. First Cent. Serv.*, 255 N.W.2d 149 (Iowa 1977).

In early 1979 Charles Aron, the owner and operator of Kustom Kreations, Ltd. (Kustom), was contacted by the Duxburys regarding the purchase of a lot in the Ridgewood subdivision in Lancaster County. The Duxburys subsequently purchased a lot, and in May 1979 met with the plaintiff to discuss the construction of a residence. After several meetings the Duxburys decided to construct the residence and requested Kustom to be the general contractor. In June of 1979 Kustom began construction on the house.

Shortly thereafter, final plans were submitted by Robert Dawson, a Lincoln architect. Construction of the residence in accordance with the plans became difficult, if not impossible, according to the plaintiff, because the Duxburys requested numerous

major changes from July to the end of January 1980, when Kustom refused to work.

In January 1980 Kustom and the Duxburys met to discuss the number of changes requested by the defendants, the increased cost of the changes, and the financial problems involved with the construction of the residence. After two subsequent meetings during January, Kustom advised Mr. Duxbury of the intended termination at the end of the month. Upon termination Kustom gave Duxbury a list of the work to be completed and a final bill for labor performed, materials supplied to the residence, and a 10-percent fee based upon work completed through January 31, 1980.

The Duxburys assign as error: (1) The trial court was incorrect to allow recovery in quantum meruit when an express contract theory was pleaded; (2) There was error in allowing Kustom to recover when substantial performance was not completed on the contract; (3) The trial court erred in failing to find a contract price limitation of $100,000; and (4) The trial court erred in assessing the amount of damages on the cross-petition. Kustom assigns as error the award of an 8-percent contractor's fee instead of 10 percent, and the award of damages on the defendants' cross-petition.

By its amended petition Kustom alleged the following: "3. Beginning June 28, 1979, and at various times thereafter and extending to and including February 1, 1980, the plaintiff, pursuant to an oral contract between the plaintiff and the defendants, Richard M. Duxbury and Ardythe M. Duxbury, delivered two hundred concrete blocks and four round bales of hay to the above described real estate, performed thirty-three hours of foreman's work and supervised the construction of the residence on the above-described real estate. That said two hundred concrete blocks were incorporated into the residence on said real estate and the four bales of hay were incorporated into said real estate.

"4. That the reasonable value of the above-described materials and labor is as follows:

| | |
|---|---|
| 200 concrete blocks | $ 102.40 |
| 4 bales of hay | $ 100.00 |
| 33 hours of foreman time | $ 330.00 |
| Supervision of construction | $ 8,344.41 |

and that said values were agreed upon in the terms of the oral agreement of the parties.

"5. That the plaintiff, Kustom Kreations, Ltd., duly performed all the conditions of said oral agreement on its part to be performed. The defendants, Richard M. Duxbury and Ardythe M. Duxbury, have failed to pay the plaintiff any part of the above-described amount due and there is now due and owing to the plaintiff from the defendants the sum of $8,785.84, with interest thereon from and after February 1, 1980."

In the pretrial order one of the specified issues for trial was whether the plaintiff is entitled to recover for work performed under quantum meruit. No objections were made by the defendants to this order. Subsequent to the pretrial conference, Kustom filed a motion before trial to strike from paragraph 4 of the amended petition the language "and that said values were agreed upon in the terms of the oral agreement of the parties," and from paragraph 5, "That the plaintiff, Kustom Kreations, Ltd., duly performed all the conditions of said oral agreement on its part to be performed." According to the defendants' brief, the overruling of the motion to strike is not in the transcript, and the parties have stipulated in this court that the motion was overruled. At trial the defendants objected to the plaintiff's attempt to introduce evidence of reasonable value, but the objections were overruled. In its opinion the trial court held quantum meruit was sufficiently pleaded.

We would agree that, at the very least, the amended petition is unclear as to the plaintiff's theory of recovery. It is difficult to understand why the

plaintiff's motion to amend its pleadings was overruled. Normally, a petition seeking to recover upon an express contract may be amended before trial to permit recovery on quantum meruit, in the absence of a showing of prejudice to the defendant. See *Knoell Constr. Co., Inc. v. Hanson*, 210 Neb. 628, 316 N.W.2d 321 (1982).

However, we need not reach any question as to a deficiency in the pleadings. As previously stated, the pretrial order specified that one of the issues was whether the plaintiff was entitled to recover for work performed under quantum meruit. In *Tober v. Hampton*, 178 Neb. 858, 864, 136 N.W.2d 194, 199 (1965), this court said: "If at a pre-trial conference it appears there are issues which might be determinative of the cause although not then within the pleadings, they should be stated in the pretrial order which should thereafter govern the proceeding in that respect. . . . In the pre-trial order before us the issues involved and later considered were plainly stated. No exceptions were taken by the parties. The contention of the plaintiffs [that the trial court erred in receiving evidence on issues not set forth in the pleadings] cannot be sustained." Accordingly, the trial court did not err in receiving evidence of the fair and reasonable value of goods and services furnished to the defendants.

From a de novo review of the record, we find that the evidence supports the conclusion that the plaintiff agreed with the defendants to construct a house in accordance with the plans and specifications furnished by the architect, Robert Dawson. We further determine that, due to specific requests of the defendants, significant changes were made in the plans, causing additional expenses, and that the expenditures actually made, including those for the concrete blocks, hay, and labor, were fair and reasonable, as was a charge of 8 percent of the total cost for supervision by the plaintiff of the overall

construction. The total of these sums amounted to $7,207.93, to which the plaintiff is entitled.

From a similar review we conclude that the defendants incurred additional expenses because of the fault of the plaintiff in failing to complete the flashing around the chimney, in failing to complete certain insulation work, and in faulty construction of the roof rafters, necessitating the addition of soffits and fascia boards, totaling $4,381.42, for which judgment should be entered for the defendants on their cross-petition.

The trial court having entered judgment in these same amounts, we determine that such judgment is correct, and it is affirmed.

AFFIRMED.

MURPHY, JOHN, D.J., dissenting.

For the reason that I feel the majority's reliance on *Tober v. Hampton*, 178 Neb. 858, 136 N.W.2d 194 (1965), is inappropriate, I respectfully dissent.

At the outset it should be noted that the pretrial conference involved in this case was held on July 24, 1981. The pretrial conference order was not filed until July 29, 1981, the day trial began in the district court. Paragraph 3 of the pretrial order stated in part, "Controverted and unresolved issues - the issues remaining to be determined are: ... c. Whether plaintiff is entitled to recover for work performed under quantum meruit." After the pretrial conference was held, and the day before trial began, the plaintiff filed a motion to amend its amended petition by striking any reference to an agreement as to values contained in the oral agreement of the parties, and by striking the reference that the plaintiff performed all the conditions of the oral agreement of the parties. This motion was overruled. The memorandum opinion of the court held that the amended petition of the plaintiff set out a theory of recovery based on quantum meruit, and allowed recovery on that basis.

*Tober, supra,* holds that a pretrial conference or-

der governs what issues will be decided at trial, despite the absence of those issues from the pleadings. However, in the instant case, due to the possible confusion surrounding the question of whether or not quantum meruit could properly be adduced at trial, it would seem to be inappropriate to strictly apply *Tober*. It is certainly logical to assume that the failure by the court to allow the amendment requested by the plaintiff would induce the defendants to believe that the plaintiff would be held to proof under a theory of contract. It should be the purpose of a pretrial conference to make clear the issues, not confuse them. Due to the late date of the pretrial conference, and due to a seemingly inconsistent ruling after the pretrial conference, the defendants were placed at a distinct disadvantage.

Because of the prejudice to the defendants, I believe that *Tober* should not be applied in this case; that the amended petition, although not clear, sets out a theory of recovery based on contract, not quantum meruit; that the lower court erred in determining that the plaintiff was entitled to recover under a theory of quantum meruit; that the court erred in allowing evidence of the reasonable value of materials, supplies, and work performed by the plaintiff; and that the judgment should be reversed and the cause remanded for a new trial. I would have so held.