JAMES R. BARKER, APPELLEE, V. HAROLD E. WREHE, APPELLANT.

351 N.W.2d 412

Filed July 6, 1984. No. 83-472.

Thomas A. Gleason, for appellant.

Filbert Cornish, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This was an action to recover amounts due under an express contract for the sale of irrigation equipment. Two other causes of action for amounts due for dirt moving were dismissed and are not involved in the appeal.

In the first cause of action the plaintiff, James R. Barker, alleged the defendant, Harold E. Wrehe, purchased an "Olson" irrigation pivot system from Loup Valley Irrigation and Construction Company, Inc., on October 9, 1976; that the purchase price was $28,619.83, of which $3,000 was paid by the defendant on the date the contract was made; and that the defendant paid $12,000 to the plaintiff on February 2, 1977, which left a balance due of $13,619.38 [sic]. The plaintiff further alleged that on January 22,

1977, the plaintiff assumed the rights of the corporation under the contract with the defendant and paid the manufacturer the balance due for the pivot system. The pivot system was installed on the defendant's land on June 2, 1977. The petition alleged the defendant was indebted to the plaintiff in the amount of $13,619.38 [sic], the balance due under the contract. The second cause of action was for interest on the amount alleged to be due the plaintiff.

A jury was waived and the case tried to the court. The evidence of the plaintiff supported generally the allegations of the petition, but there was no proof of an assignment of the contract from the corporation or any other evidence of a formal transfer of the rights of the corporation under the contract to the plaintiff. The trial court found that the plaintiff was entitled to recover $9,058.24 from the defendant, together with interest in the amount of $5,812.30. The defendant has appealed.

In announcing its decision the trial court stated:

You have an interesting case. Except I think perhaps the case is probably arranged probably in the wrong perspective. But in view of the fact the way the evidence came out, there is still some basis to claim by the plaintiff. The plaintiff has failed in the sense to establish transfer of the credit rights or the contract rights of Loup Valley Irrigation and Construction Company to the plaintiff. And there is no showing of a transfer of those rights of the corporation as against this defendant. However, the evidence does disclose another obligation as between the parties to this action. It is not based upon contract which is in evidence but upon a subsequent agreement that the plaintiff would pay the balance due to Olson Irrigation and I find that the plaintiff is entitled to recover against the defendant the amount of that advance less the credits paid with a principal amount of $9,058.24 together with interest at 11% per annum from

the latter part of June of 1977 to the latter part of April, 1983, at 11% of which interest is $5,895.33. Wrong figure, $5,812.30. For a total judgment of $14,870.54 and costs. Judgment is rendered on that amount against these parties.

The defendant's principal assignments of error are directed at the failure of the evidence to support the plaintiff's right to recover under the theory of the case as alleged in the petition of the plaintiff. The petition alleged, and the evidence related to, a claim based upon an express contract, the contract between the corporation and the defendant. Although the plaintiff alleged that he had "assumed all rights of the Seller on the conditional sales contract," there was no proof of an assignment of the contract from the corporation to the plaintiff.

In *Thompson v. Stetson*, 15 Neb. 112, 17 N.W. 368 (1883), the plaintiff sued upon an account stated. The evidence showed the account was between F. L. Stetson & Co. and the plaintiff in error. This court said at 112-13, 17 N.W. at 368:

No connection between F. L. Stetson & Co. and the defendant in error respecting this account is shown. By what right the latter seeks to enforce the payment of it does not appear. There is no assignment of the ownership by F. L. Stetson & Co. to David R. Stetson either alleged or shown. For aught that is disclosed by the record, F. L. Stetson & Co. are still the owners of it, and could recover the amount due thereon from the plaintiff in error. Such being the character of the petition it will not support the judgment.

In *Shreves v. D. R. Anderson Constructors, Inc.*, 206 Neb. 433, 440, 293 N.W.2d 106, 110 (1980), we said:

We have consistently held that a party will not be permitted to plead one cause of action and upon trial rely on proof establishing another. In order that a recovery may be had in an action, the pleadings and the proof must agree. Consequently, a plaintiff may not plead a cause of ac-

tion on an express agreement and then, over objection, prove and recover on a cause of quantum meruit. *Lincoln Service & Supply, Inc. v. Lorenzen*, 171 Neb. 671, 107 N.W.2d 333 (1961).

In *Badran v. Bertrand*, 210 Neb. 747, 750, 316 N.W.2d 763, 765 (1981), we said: " '[P]roof must correspond with the allegations in the pleadings, and relief cannot be granted upon proof of a case substantially different from the case made in the pleadings.' "

The record as presented to us does not support the judgment, and it must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.