IN RE INTEREST OF H.W., ALLEGED TO BE A MENTALLY ILL
DANGEROUS PERSON.
STATE OF NEBRASKA, APPELLEE, v. H.W., APPELLANT.
370 N.W.2d 155

Filed July 5, 1985.    No. 85-094.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellant.

Barry Waid, Deputy Scotts Bluff County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the judgment of the district court which affirmed the order of the Scotts Bluff County Mental Health Board finding the appellant, H.W., to be a mentally ill dangerous person within the meaning of Neb. Rev. Stat. § 83-1009 (Reissue 1981). We affirm.

Appellant assigns as errors, first, that the board erred in allowing testimony of witnesses as to matters not contained in the affidavit attached to the petition for commitment and, second, that there was not clear and convincing proof that H.W. was a mentally ill dangerous person.

Neb Rev. Stat. § 83-1025 (Reissue 1981) of the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-1001 et seq. (Reissue 1981), provides in part that "[t]he petition [for commitment] shall include a description of the behavior which constitutes the basis for the petitioner's concluding that the individual is a mentally ill dangerous person . . . ."

The petition alleged "That the particular description of the person's behavior which constitutes the basis for the Petitioner's conclusions is contained in the Affidavit attached hereto, and by reference incorporated herein."

The affidavit contains statements that H.W. phoned two different persons and told one of them she was going to kill her husband and threatened "to get" the other one. Appellant complains that not only were those two persons permitted to testify as to those facts but two additional witnesses, who were

not named in the affidavit, were permitted to testify as to similar threats. Although conceding that the names of these witnesses had been disclosed to her before trial, she argues that this violates the rule set forth in *Badran v. Bertrand*, 210 Neb. 747, 316 N.W.2d 763 (1981), that proof must correspond with the allegations in the pleadings.

The simple answer to that argument is that the petition must set forth the facts, or, in this instance, a description of the behavior constituting the basis for commitment, which was done. There is no requirement that the evidence be pleaded.

As to the sufficiency of the evidence, the petitioner has the burden of establishing both mental illness and dangerousness by clear and convincing evidence. Although the district court is required to review the determination of the mental health board de novo on the record, this court will not interfere on appeal with a final order made by the district court in a mental health proceeding unless we can say as a matter of law that it is not supported by clear and convincing evidence. *State v. Mayfield*, 212 Neb. 724, 325 N.W.2d 162 (1982); *Hill v. County Board of Mental Health*, 203 Neb. 610, 279 N.W.2d 838 (1979).

As previously stated, four witnesses testified that H.W. had threatened to kill her husband. The appellant herself admitted to making the threats, although she claimed they were not serious. A psychiatrist testified that, in his opinion, H.W. was mentally ill and dangerous.

The judgment of the district court is fully supported by the evidence, and it is affirmed.

AFFIRMED.